KARNS v. STATE INDUSTRIAL COMMISSION et al.

*97 P. 2d 41.*

No. 29329.   Dec. 12, 1939.

C. B. Holtzendorff, of Claremore, for petitioner.

W. P. Morrison and John Morrison, both of Oklahoma City, for respondent G. B. Seely.

Mac Q. Williamson, Atty. Gen., for respondent State Industrial Commission.

OSBORN, J. This is an original action in this court to review an award of the State Industrial Commission entered in favor of G. B. Seely, hereinafter referred to as respondent, against Ruth M. Karns, hereinafter referred to as petitioner.

Respondent was injured while working as a pumper on an oil and gas lease. There is no controversy with regard to the nature of the injury or the degree of disability. Respondent's employment was hazardous as defined by section 13349, O. S. 1931, 85 Okla. Stat. Ann. § 2, but it is urged that the act is not applicable under the provisions of section 13351, O. S. 1931, 85 Okla. Stat. Ann. § 11, since the respondent was the sole employee.

It appears that when the claim was originally filed, Ed Karns, Jr., was named as respondent in the proceeding before the Industrial Commission, and a hearing was had. Thereafter, his wife, Ruth M. Karns, was made a party respondent, and another hearing was had. At the conclusion of the second hearing the commission entered its findings regarding the employment of respondent as follows:

"That on the 10th day of May, 1938, the claimant was in the employ of the respondent Ruth M. Karns, and that on said date the respondent Ed Karns, Jr., was in the employ of the respondent Ruth M. Karns, in the state of Oklahoma, and that on said date the respondent Ruth M. Karns also had in her employ Sam O'Neal, who was employed in the state of Kansas, making two or more employees in the employ of the respondent Ruth M. Karns."

It appears that the lease upon which respondent was injured is located in Nowata county in this state, and that respondent was the only employee working upon that lease. It further appears that the parties owned a lease in Montgomery county, Kan., and employed a pumper there. After Ruth M. Karns was made a party to this proceeding, Ed Karns, Jr., her husband, testified that she was the owner of the lease in Kansas and that he owned the lease in Oklahoma. Ruth M. Karns did not testify at either hearing. It is the position of the petitioner that respondent herein was the employee of Ed Karns, Jr., and the Kansas employee was the employee of Ruth M. Karns. It will be unnecessary to outline in full detail the testimony with regard to the transactions between the husband and wife. On the second hearing, Ed Karns, Jr., testified that his wife was the owner of the land upon which the lease was being operated, but that she had executed an oil and gas lease to him. The lease was produced at the hearing and it appeared that the same had never been recorded. It appears, however, that prior to the time Ruth M. Karns was made a party to the proceeding, Ed Karns, Jr., had given certain testimony which is not in harmony with the testimony given at the second hearing. On cross-examination at the first hearing, he testified as follows:

"Q. Who do you work for? A. Well, I work for my wife. She owns the lease. Q. You mean she owns the lease? A. Yes, sir. Q. Does she own this lease here? A. Yes, sir. Q. What? A. She has title to it now. Q. She has title to this lease here Mr. Seely was working on? A. Now she does. Q. And she did in 1938, didn't she? A. Yes, sir. Q. When Mr. Seely was working that lease? A. That's right. * * * Q. And all the oil wells that are being pumped are in your wife's name, the leases are? A. That's right. Q. Both in Oklahoma and in Kansas. A. Yes, sir. * * * Q. What interest do you have in this lease in Oklahoma? A. Well, just the legal husband's share."

The question of whether or not the employment involved was covered by the Workmen's Compensation Law constitutes a jurisdictional question. Thus we are not bound to accept as conclusive the findings of fact of the State Industrial Commission, but we will review the evidence and make our own independent findings of fact with relation thereto. McKeever Drilling Co. v. Egbert, 170

Okla. 259, 40 P. 2d 32; Roy Deaton Co. v. State Industrial Commission, 178 Okla. 536, 63 P. 2d 742.

In the light of the evidence presented, it is clear that the commission did not err in the finding of fact relating to the employment of respondent. The evidence is amply sufficient to sustain this finding, and it is our view that the commission had jurisdiction to enter its award.

It is conceded that even though one of the employees is not employed within the state, that fact would not operate to divest the Industrial Commission of jurisdiction nor to relieve petitioners from any liability imposed upon them by the Workmen's Compensation Law.

The award is sustained.

RILEY, CORN, HURST, and DANNER, JJ., concur.