COCHRAN v. MAASSEN TOOL & SUPPLY CO. et al.

No. 34415. Jan. 23, 1951.

*226 P. 2d 953.*

Wallace Hatcher, Pauls Valley, for petitioner.

Owen Townsend and Fenton, Fenton & Thompson, Oklahoma City, for respondents Maassen Tool & Supply Company and Tri-State Casualty Insurance Company.

WELCH, J. This is a proceeding brought by A. E. Cochran to review an order of the State Industrial Commission denying him compensation on a claim against his employer, Maassen Tool & Supply Company, and its insurance carrier, the Tri-State Casualty Insurance Company.

Petitioner in his claim stated that while in the employ of the Tool Company he sustained injury with resulting disability to his person, when a car, which he was driving while on duty for his employer, collided with a truck.

Hearings on the claim were held and thereafter the commission entered an order denying compensation upon a finding that the claimant's accidental personal injury did not arise out of nor in the course of his employment with the respondent Tool Company.

There are no material conflicts in the testimony presented.

The Tool Company had a repair shop, located near the town of Maysville, maintained and operated for custom repair of oil field equipment and other machinery. The shop was kept open

for business at all times. Petitioner had sleeping quarters at the rear of the shop and was subject to call for work at any hour day or night. He is a mechanic and worked at repair work for the company. He was foreman of other mechanics in the shop, and in the absence of the owner had charge of the business and at various times had made trips to towns and into the surrounding oil field territory for the purpose of returning or picking up machinery parts and contacting prospective customers. His employer owned a pickup truck which petitioner was authorized to use.

On the day of the accident, at about 6 or 6:30 p.m., the petitioner left the shop driving the pickup truck. At the time of departure, petitioner told a mechanic that he was going to eat and would be back to relieve the mechanic around 10 or 10:30; that he may see his daughter. In the pickup truck there was a small hand cart or dolly which petitioner stated he had for the purpose of moving his daughter's icebox. Petitioner drove to Pauls Valley and to the residence of a Mr. and Mrs. Seiber. After a short visit there, the Seibers entered the pickup truck with petitioner, and the party proceeded to Davis and to the home of petitioner's daughter. There petitioner assisted in the moving of a refrigerator. Thereafter the party, joined by petitioner's daughter and her husband, proceeded to a public eating establishment in the town of Davis and had dinner together. Petitioner and the Seibers then returned to Pauls Valley. After a short visit at the Seiber residence the petitioner left in the pickup and was proceeding on a highway toward Maysville when a collison occurred with resulting injuries to the petitioner.

Seiber was a dirt-moving contractor and maintained a yard for his machinery near the repair shop where petitioner slept and worked. Seiber and petitioner were long acquaintances. Seiber's wife was the sister of petitioner's former wife from whom petitioner was divorced, and petitioner's daughter was a niece of Seiber's wife. Seiber at various times used the telephone in the repair shop in the furtherance of his dirt-moving business and had used his dirt-moving machinery to level the grounds at the repair shop. Seiber and petitioner at various times had exchanged information concerning prospective customers for dirt-moving work or machinery repairs and had also exchanged services in their mutual benefit.

On the day of the accident, at about 9 o'clock in the morning, Seiber came into the repair shop and told petitioner that the tracks or treads on his caterpillar equipment were in need of repairs. The petitioner was busy at the time and told Seiber he would talk to him later. In the evening of said day, and during the course of petitioner's visit with the Seibers at their residence, or at the restaurant at Davis, or en route to and from Pauls Valley and Davis, the petitioner gave Seiber an estimate of the charges that would be made for the repair of the Seiber caterpillar tracks. Seiber agreed that he would have the work done at some future time, or when there was a slack period in his business. Seiber, during the visit, also told petitioner of a certain oil field contractor whose equipment was in apparent need of repairs.

Petitioner testified that his interest and purpose in going to Pauls Valley was to give Seiber an estimate of cost of repairs on his machine and to secure the job for the company and to seek information from Seiber concerning prospective customers for the company.

Petitioner's assignments of error in commission's order are presented under a contention that the evidence shows that his accidental personal injury did arise out of and in the course of his employment with respondent Tool Company, and that there is no evidence reasonably tending to support the State Industrial Commission in its finding to the contrary.

Petitioner cites a case from this court wherein it is said there is presented " . . . the sole issue that the accidental injury did not arise out of and in the course of the employment," and wherein this court said:

"This is a question of law to be determined under all of the facts and circumstances by a review of the entire record."

Cases are cited involving fact situations where injuries were sustained by workmen in travel to and from their regular places of employment and petitioner directs attention to certain record testimony herein favorable to his first contention under the rules announced in these cases.

The determination of whether there be a causal connection between an injury and business employment as to create disability under the Workmen's Compensation Law requires an application of a legal test or standard to the facts, and in this sense in each case before the commission there is involved a determination of a question of law. But the ascertainment of the facts necessary to apply such legal test or standard involves the determination of a question of fact, and, if there is evidence to sustain the commission, its findings of fact cannot be disturbed. A long existing rule is stated in the syllabus in LeFlore-Poteau Coal Co. v. Thurston, 184 Okla. 178, 86 P. 2d 284, as follows:

"The question of whether an injury arose out of and in the course of employment is one of fact to be determined by the Industrial Commission under the circumstances of each particular case, and, where there is any testimony reasonably tending to support its finding, it will not be disturbed on an application to vacate the award."

The rule applicable to the consideration of testimony by the commission and to a review in this court is stated in McDaniel v. Douglas Aircraft Co., Inc., 200 Okla. 221, 192 P. 2d 651. In the syllabus we said:

"The State Industrial Commission is at liberty to refuse to give credence to any portion of the evidence which in its opinion is not entitled to credence, nor is it required to give credence to the greater amount of evidence as against the lesser.

"In an action to review an order of the State Industrial Commission denying an award, this court will not review the evidence to determine the weight and value thereof on questions of fact."

In the matter of Marks v. Gray, 251 N. Y. 90, 167 N. E. 181, 182, the New York Court, speaking through Mr. Justice Cardozo, says:

"We do not say that service to the employer must be the sole cause of the journey, but at least it must be a concurrent cause. To establish liability, the inference must be permissible that the trip would have been made though the private errand had been canceled . . . . The test in brief is this: If the work of the employee creates the necessity for travel, he is in the course of his employment, though he is serving at the same time some purpose of his own. . . . If, however, the work had no part in creating the necessity for travel, if the journey would have gone forward though the business errand had been dropped, and would have been canceled upon failure of the private purpose, though the business errand was undone, the travel is then personal, and personal the risk."

It is our opinion that the test laid down by the New York court is sound and is here applicable.

In the instant case, under the testimony that petitioner at the inception of his journey declared an intention to go eat and maybe see his daughter, and under the testimony showing his close relationship to the parties he visited at Pauls Valley and at Davis, and his acts and conduct during such visits, and although business in the interest of his employer was discussed, a reasonable inference might be drawn that the trip would not have been made except for personal objectives of the petitioner, or, at the least, that the trip for the pur-

pose of attending the master's business would not have been undertaken without the existence of personal objectives of the petitioner. In such conclusion the business of the master was not a concurrent cause of the trip, and the work performed on the journey had no part in creating the necessity for travel.

The general finding of the commission that petitioner's injuries did not arise out of or in the course of his employment with the respondent includes a finding of every fact permissible under the evidence that lends support to the commission's order.

We find that there is evidence upon which the commission could have concluded that the company business was involved as a mere incident to a pleasant trip, or a trip in furtherance of personal objectives of the petitioner, and that such company business was in no way a concurring cause of the petitioner's trip. That there is evidence from which the commission could have come to a contrary conclusion is immaterial in view of the rules applicable to review of findings by the commission.

The order denying compensation is sustained.

LUTTRELL, V.C.J., and CORN, DAVISON, JOHNSON, and O'NEAL, JJ., concur, ARNOLD, C.J., and GIBSON, J., concur in result. HALLEY, J., dissents.