**BALDWIN–HILL COMPANY and Indemnity Insurance Company of North America, Petitioners,**

v.

**Frances E. LOCHNER and State Industrial Court, Respondents.**

No. 39189.

Supreme Court of Oklahoma.

Jan. 31, 1961.

Green & Feldman, W. E. Green, Raymond G. Feldman, Wm. S. Hall and George A. Farrar, Tulsa, for petitioners.

John M. Freese, Tulsa, and Mac Q. Williamson, Atty. Gen., for respondents.

BLACKBIRD, Vice Chief Justice.

Claimant, Frances E. Lochner, widow of Carl Louis Lochner, deceased, obtained an award under the death benefit provisions of the Workmen's Compensation Act for the maximum statutory amount of $13,-500. The award is challenged on the ground that the State Industrial Court lacked jurisdiction over the subject matter of her claim because: (a) the record dis-

closes that, at the time of decedent's fatal injury, employer had in this State less than the requisite number of employees necessary to bring it under the provisions of the Workmen's Compensation Act; (b) there is an entire absence of evidence that the deceased, when fatally injured, was engaged in work of a manual or mechanical nature constituting a hazardous occupation within the meaning of the Workmen's Compensation Act.

Employer, Baldwin-Hill Company, is engaged in the manufacture and sale of rock wool insulation. Its main offices are in Trenton, New Jersey. Decedent was the head of its Southwestern Division which included Oklahoma, Texas, Louisiana, New Mexico and Arkansas. He acted in the dual capacity of a sales and production manager and had under his charge two plants: one in Temple, Texas, and the other in Sand Springs, Oklahoma. The latter establishment was operated under the corporate name of Federal Building Supply Company, a wholly owned subsidiary of Baldwin-Hill Company. In each of these plants, decedent maintained an office and exercised supervisory functions over their administration, production and management. He was on the payroll of the main office in Trenton and his salary checks were forwarded to him in Tulsa, where he maintained permanent residence. It is undisputed that the decedent's contract of employment with Baldwin-Hill Company was entered into in the State of Oklahoma.

The duties of decedent's employment required him to travel to the two plants and over the assigned sales territory in the designated divisional area. The accident, which gave rise to the present controversy, occurred on August 23, 1957, when decedent's automobile, while en route to the Temple plant, collided with a train at a crossing in Temple, Texas.

Employer points out that it lacked the requisite number of employees on duty in Oklahoma to bring it under the provisions of the Workmen's Compensation Act. We cannot accede to this view.

When deceased was fatally injured, the workmen at the Oklahoma establishment in Sand Springs were carried on a separate payroll of the local subsidiary corporation, but the record is clear that the manager of that plant as well as its engineer, then on assignment from the Trenton office, were both, like the decedent, employees of the parent Company (Baldwin-Hill). Moreover, Baldwin-Hill also engaged a number of workmen at its Temple plant. While under 85 O.S.Supp.1959 § 11, one, who has less than two workmen, is excluded from the operation of the Workmen's Compensation Act, the provisions of this enactment do not require that the necessary number of employees be engaged at the same place or in any particular geographical area.

Whether employer at the time of employee's injury or death had the requisite number of workmen as provided by 85 O.S.Supp.1959 § 11, presents a question of fact to be determined by the State Industrial Court, whose finding on such issue, when supported by competent evidence, will not be disturbed on review. Burger v. Lickliter, Okl., 319 P.2d 594; Republic Supply Co. v. Davis, 159 Okl. 21, 14 P.2d 222; Karns v. State Industrial Comm., 186 Okl. 186, 97 P.2d 41.

We find ample competent evidence to support the finding made by the State Industrial Court.

The next proposition urged is that the deceased was not, at the time of his fatal injury, engaged in an employment covered by the Workmen's Compensation Act. Employer places principal reliance on Black, Sivalls & Bryson, Inc. v. Foree, Okl., 289 P.2d 649, and Mid-Continent Petroleum Corp. v. Harris, Okl., 289 P.2d 147. These decisions are clearly inapposite. In the former there was no evidence that the deceased production manager had performed any duties at the plant of a mechanical or manual character, and in the latter, employee was engaged by the transportation division of the marketing department whose activities, separate and

apart from production processes, were not then within the ambit of the Workmen's Compensation Act. See 85 O.S.Supp.1959 § 2.

In the instant case, the evidence is undisputed that decedent did perform duties at both plants where he ran laboratory tests on the manufactured material, and, from time to time, personally inspected the phases of production. While on sales promotion trips in his district, he was directed, and required, to assist the customers "on the job sites" with adjustment of power equipment used in applying rock wool insulation.

 Employer does not maintain that its manufacturing concern lies outside the purview of the Workmen's Compensation Act. Nor is it disputed that decedent's activities, as outlined, constituted work of manual or mechanical nature which was incident to, an integral part of, and connected with the principal business. The sole issue raised is that when deceased met with the accident he was not then performing any work defined by statute as hazardous. The contention so made is clearly untenable. The right to benefits under the Workmen's Compensation Act is not governed or determined by the specific act performed by employee at the time of the injury for which compensation is sought, but by the nature of his employment. Updike Advertising System v. State Industrial Comm., Okl., 282 P.2d 759; International Harvester Co. v. Harris, Okl., 272 P.2d 1046; See also Thomason v. Morrison, Okl., 321 P.2d 959 and Townley Dairy Farms v. Greenwood, Okl., 321 P.2d 704. When employee's duties are partly manual and mechanical and are connected with, incident to, and an integral part of, a business enumerated in and defined as hazardous by the Workmen's Compensation Law, such employee is both covered and protected by the Act, even though his work may be performed under conditions not inherently hazardous. 85 O.S.1951 § 3, subdiv. (1). See cases cited above.

 There is another aspect of this cause which, as urged by the claimant, merits mention and impels us to sustain the award. As reflected by the uncontradicted testimony in the record, premiums computed on the basis of decedent's salary were paid and collected upon employer's compensation policy which included all workmen engaged at the Temple plant. An official of the company's main office in Trenton related in his deposition it was the intention of the Baldwin-Hill company that Carl Louis Lochner be covered by this insurance contract "no matter where he worked". The evidence so admitted stands unrefuted. The carrier did not assert that its liability was limited solely to claims adjudicated under the Workmen's Compensation Act of Texas. The policy is not in evidence and no portions thereof were tendered to the trial tribunal for its construction. In the absence of a clear showing to the contrary, we must therefore presume that the policy in question does afford protection against employer's liability for compensation benefits arising from claims under the laws of Texas as well as those of Oklahoma. Shires v. Wrought Iron Range Co., Okl., 339 P.2d 105; see also, Fuller White Chevrolet Co. v. Graham, Okl., 355 P.2d 557.

 Under the provisions of 85 O.S. 1951 §§ 65.2 and 65.3 (commonly known as the "Estoppel Act") employer and insurance carrier are estopped to deny that an employee, upon whose wages premiums were computed, was engaged in hazardous employment covered by the Act. The policy of insurance is in such cases conclusively presumed to be one for the benefit of, and may be enforced by, an injured employee. Barney U. Brown & Sons, Inc. v. Savage, 208 Okl. 668, 258 P.2d 183; Folsom Auto Supply v. Bristow, Okl., 275 P. 2d 706; Shires v. Wrought Iron Range Company, supra.

The employer and its insurance carrier were estopped to deny that decedent was engaged in hazardous employment covered by, and subject to, the Oklahoma Workmen's Compensation Act. See, Foster Wheeler Corp. v. Bennett, Okl., 354 P.2d 764.

Award sustained.

WILLIAMS, C. J., and DAVISON, HALLEY, JOHNSON, JACKSON, IRWIN and BERRY, JJ., concur.