Mrs. Joseph S. DOBSON (Dena Mae Dobson), Administratrix, Petitioner,

v.

COMMERCIAL OIL TRANSPORT, INC., Hartford Accident and Indemnity Company and the State Industrial Court, Respondents.

No. 39832.

Supreme Court of Oklahoma.

May 15, 1962.

Harold R. Shoemake, Muskogee, Deaton, Gassaway & West, Ada, Shapard & Cannon, Oklahoma City, for petitioner.

Fenton, Fenton, Smith & McCaleb, Oklahoma City, Mac Q. Williamson, Atty. Gen., for respondents.

HALLEY, Justice.

Dena Mae Dobson, hereinafter called claimant, brought this proceeding in the State Industrial Court against Commercial Oil Transport, Inc., hereinafter called employer, and its insurance carrier, Hartford Accident and Indemnity Company, to recover under the death benefit provisions of the Workmen's Compensation Act, 85 O.S. 1961 § 1 et seq., by reason of the death of her husband, Joseph S. Dobson. An award was denied by the State Industrial Court and she seeks to review the order in this Court on the sole ground that the State Industrial Court erred as a matter of law in denying the award and assigning as the reason therefor that the death did not result from an accidental injury arising out of and in the course of the employment.

The evidence discloses that claimant is the widow of Joseph S. Dobson, hereinafter

called employee. He was employed as a safety advisor for the employer. His duties were to supervise transportation of approximately fifteen transportation trucks for the employer. His duties included supervision of maintenance and repairs, supervision of drivers and assistance in transportation difficulties. For his duties he was furnished a motor vehicle which was marked "Safety Car." The expenses, such as repairs and gasoline, for this motor vehicle were paid by employer. Employee kept this car and used it for his personal and family uses in addition to the uses for the employer. His wife, claimant, had her own personal automobile which both of them used on occasions. In the car furnished by employer employee kept forms used in transportation reports and hand tools used in the repair of automobiles and trucks and equipment such as chains and fire extinguisher. He also had a camera for use in taking pictures when necessary. Employee was subject to call at all times. On June 4, 1960, he left the place of business of employer in Enid sometime before noon. It was customary for him to leave information as to his whereabouts so that he was subject to call and following this custom he informed an employee in charge of the business that he was on his way home to check the mail and would then have lunch after which he would be at the Country Club outside of Enid. On the way to the Country Club he sustained an accidental injury in an automobile collision at a street intersection and on the 6th day of June, 1960, died as a result of the accidental injury.

In support of her argument that the accidental injury resulting in death arose out of and in the course of the employment claimant cites Helmerich and Payne, Inc. et al. v. Gabbard et al., Okl., 333 P.2d 964; Hughes v. Haco Drilling Co. et al., Okl., 340 P.2d 472; and Ince v. Chester Westfall Drilling Co. et al., Okl., 346 P.2d 346. In each of these cases the employee was going to a specified place hauling a water can at the direction of the employer except in Ince v. Chester Westfall Drilling Co.,

supra, in which case employee was returning from the designated place with the water container.

In Indian Territory Illuminating Oil Co. v. Whitten et al., 150 Okl. 303, 1 P.2d 756, employee was carrying material from a designated place to his home with directions to return the material the following Monday morning. In City of Holdenville et al. v. Bise et al., Okl., 341 P.2d 588, employee was killed on his way to investigate a fire, a part of his duties as chief of the fire department.

Claimant also relies on R. J. Allison, Inc. et al. v. Boling et al., 192 Okl. 213, 134 P. 2d 980. In that case the Court held the employee was on a special mission and was injured on his return from that special mission. In each of these cases and in most of the remaining cases cited by claimant, which we deem it unnecessary to review, the employee was injured while doing something at the direction or for the benefit of the employer.

In R. J. Allison, Inc. v. Boling, supra, it is stated:

"* * * It seems to be agreed that the expressions 'arising out of' and 'in the course of' are not synonymous, the first referring to the origin or cause of the accident and the second to the time, place, and circumstances under which it occurred. Oklahoma Gas & Electric Co. v. Stout, 179 Okl. 312, 65 P.2d 477; 28 R.C.L. 797; 71 C.J. 644. The first refers to causal connection. Under it 'the act being performed by the workman at the time of his injury must be part of the duty he was employed to perform or must be reasonably incidental thereto.' 71 C.J. 652. See also Stanolind Pipe Line Co. v. Davis, 173 Okl. 190, 47 P.2d 163. The second requirement is fulfilled when the accident 'occurs within the period of his employment, at a place where he may reasonably be, and while he is reasonably fulfilling the duties of his employment or engaged in doing something incidental to it.' 71 C.J. 659. See also

Stanolind Pipe Line Co. v. Davis, above, and Oklahoma Gas & Electric Co. v. Stout, above."

In Cochran v. Maassen Tool & Supply Co. et al., 204 Okl. 60, 226 P.2d 953, employee had gone to a neighboring town for personal reasons and there was also testimony that he also attended to duties for his employer. While on the trip on his return he sustained an injury in an automobile collision. In sustaining an order denying the award the Court stated:

"In the matter of Marks Dependents v. Gray, 251 N.Y. 90, 167 N.E. 181, 182, 183, the New York Court, speaking through Mr. Justice Cardozo, says: 'We do not say that service to the employer must be the sole cause of the journey, but at least it must be a concurrent cause. To establish liability, the inference must be permissible that the trip would have been made though the private errand had been canceled. * * * The test in brief is this: If the work of the employee creates the necessity for travel, he is in the course of his employment, though he is serving at the same time some purpose of his own. * * * If, however, the work has had no part in creating the necessity for travel, if the journey would have gone forward though the business errand had been dropped, and would have been canceled upon failure of the private purpose, though the business errand was undone, the travel is then personal, and personal the risk.'"

In Stanolind Pipe Line Co. v. Davis, supra, it is stated:

"An injury 'arising out of' the employment, within the meaning of the Workmen's Compensation Act, must have resulted from a risk reasonably incident to the employment. There must be apparent to the rational mind, upon consideration of all the circumstances, a causal connection between (1) the conditions under which the work is required to be performed and (2) the resulting injury."

See, also, Indian Territory Illuminating Oil Co. et al. v. Lewis et al., 165 Okl. 26, 24 P.2d 647.

While going to the Country Club employee was not going to a place at the direction of the employer or doing anything for the benefit of the employer. The State Industrial Court did not err in finding that the accidental injury resulting in death did not arise out of and in the course of the employment.

Order denying award sustained.

BLACKBIRD, V. C. J., and DAVISON, JOHNSON, JACKSON, IRWIN and BERRY, JJ., concur.

WILLIAMS, C. J., dissents.