Emma Leona ANDERSON, Petitioner,

v.

ALLIS–CHALMERS MANUFACTURING COMPANY, a corporation, Aetna Casualty & Surety Company, a corporation, and State Industrial Court, Respondents.

No. 40048.

Supreme Court of Oklahoma.

Oct. 8, 1963.

Rehearing Denied Dec. 17, 1963.

Fred Hammer and Walter M. Powell, Oklahoma City, for petitioner.

Ross, Holtzendorff & Hurd and Jay R. Bond, Oklahoma City, Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM.

This is an original proceeding brought by Emma Leona Anderson (claimant), widow of Holly L. Anderson (employee), to review an order of the State Industrial Court denying an award in a proceeding under the Death Benefit Provisions of the Workmen's Compensation Law, 85 O.S.1961 § 1 et seq. An award was first entered by the trial judge, but on appeal to the Court en banc the award was vacated and the order denying the award was entered.

Holly L. Anderson was a salaried employee of Allis-Chalmers Manufacturing Company, whose job was to repair and service Allis-Chalmers farm machines. He

lived in Oklahoma City, and worked out of the Oklahoma City branch office of Allis-Chalmers. The territory of said office was most of the State of Oklahoma and certain counties of the State of Arkansas. On Friday, October 28, 1960, Anderson left Oklahoma City to make a call in Leedey, Oklahoma, at the place of business of S. F. Creach, an agent of Allis-Chalmers, for the purpose of making repairs on an Allis-Chalmers machine. Upon the completion of this service call, Anderson had permission from the Oklahoma City office to go from Leedey to New Mexico on a deer-hunting vacation. Also, he informed witness Creach, at Leedey, that he had some vacation coming and was going from Leedey to New Mexico "to shoot him a deer." Ordinarily Anderson did not work on Saturdays or Sundays. He was expected to return to Oklahoma City for work on the following Thursday, November 3, 1960.

After performing the work for Creach during the morning of October 28, 1960, Anderson left Leedey shortly before noon, driving his own car in which was his personal luggage, his service tools, one or two guns, and some pamphlets and catalogues. He next arrived at the ranch home of a long time friend, Jerry Sparlin, near Hayden, New Mexico, in the afternoon. He stayed overnight at the home of the Sparlins, and on the next day (Saturday, October 29, 1960), moved some steers for Sparlin from one pasture to another and helped around the ranch house because of illness of Sparlin, until about 5:00 o'clock P.M. at which time he left the Sparlin ranch in his automobile, driving north on State Highway No. 18, and about thirty minutes later, as the result of a one car accident, was found dead on said Highway, about one and one-third miles south of Stead, New Mexico.

In support of her claim the claimant urges two propositions, the first of which stated, as follows:

"In considering a jurisdictional question, the Supreme Court may review the whole record, irrespective of findings of the Industrial Court, and form its own conclusions as to the facts and law."

It is stipulated by the parties that the only question in this case is whether or not the accidental death of the employee, Anderson, arose out of or in the course of his employment. There was no question of jurisdiction before the Industrial Court, but only the question of fact as stated in the stipulation of the parties. Claimant cites Karns v. State Industrial Commission, 186 Okl. 186, 97 P.2d 41, and a number of other of our decisions to support her position advanced by this proposition. We have examined the cases submitted, but they are not in point as to the situation here, since all consider definite jurisdictional questions, and in none of them was the question of the scope of employment involved. We have consistently held that whether an injury arises out of and in the course of employment is one of fact. Magnolia Petroleum Co. v. State Industrial Commission, Okl., 361 P.2d 477; Travis v. Oklahoma City Linen Service, Okl., 361 P.2d 182; Scaggs v. Lindsey Well Service, Inc., Okl., 366 P.2d 945. Therefore, this first proposition of claimant is of no weight in determining the correct decision of this case.

The second and final of claimant's proposition is:

"The evidence introduced in the State Industrial Court conclusively showed that the accidental personal injury sustained by the decedent, Holly Anderson, arose out of and in the course of his employment."

It is the theory of claimant that when Anderson left the Sparlin ranch shortly before his accidental death he was on his way to the place of business of claimant's witness Mitchell, in Dalhart, Texas (45 miles east of the point in New Mexico, where Anderson was killed) to confer with Mitchell about business for respondent, Allis-Chalmers. There was no direct evidence of such intention on the part of Anderson in the record. Mitchell, over the objection of respondents, did testify that a local telephone call came to his office in

Dalhart while he was absent, the caller stating to the office boy receiving the call that his name was "Anderson" and he would see Mitchell "tomorrow or the next day." Mitchell further testified that at one time (in the year 1954) he had bought some Allis-Chalmers machinery through the decedent, the billing for which came from the Allis-Chalmers dealer at Mangum, Oklahoma; that he had seen the decedent about July or August, 1960, at Amarillo, Texas, and there discussed with him concerning a small motor for pumping wells and that the next time decedent was "over here," he would let Mitchell know about this—"the horse power and so forth," and that he never saw decedent after the Amarillo conversation, but was expecting him to come by with the information about the motor, and had decedent come by, he would have bought "a D–6 front and loading blade."

Claimant introduced in evidence, on the basis of a stipulation, signed by Jerry Sparlin and his wife, detailing the visit of decedent to the Sparlin ranch, his activities there until his departure, about 5:00 o'clock P.M. Saturday, October 29, 1960, their visit to the scene of the accident and finding there decedent's rifle. The Sparlins were the last known persons to see the decedent alive, and it is most significant that they make no statement in their affidavit as to where decedent was going.

There was other testimony on the part of claimant by the witness, Mrs. Ed Templin, and the introduction of various sales of products of Allis-Chalmers through the decedent.

The Sparlins were close friends of decedent, and say in their affidavit they "had invited Mr. Anderson to go hunting with them the next day" and had made plans to that end." Certainly, under such circumstances they would have known where decedent was going when he left their home on his fatal journey. The accident occurred on New Mexico Highway 18, which runs entirely within New Mexico north from the place of the accident to within a few miles of the northern boundary of the State. De-

cedent had not reached a point on this Highway where he might have turned east to reach Dalhart, Texas, as suggested in the examination of witness Mitchell, but this was no proof on any intention of going to Dalhart.

■ Burden of proof to establish that injury was accidental and arose out of and in the course of employment rests upon a Workmen's Compensation claimant. Magnolia Petroleum Co. v. State Industrial Commission, Okl., 361 P.2d 477; Guthrie et al. v. Modern Distributors et al., Okl., 350 P.2d 488. This burden claimant has failed to meet.

In Guthrie et al. v. Modern Distributors et al., supra, we said:

"Where there is no positive evidence to support claimant's assertion that the accident and injury therefrom occurred within the scope of his employment and in the course thereof, recovery will be denied. The burden of proof rests upon the claimant."

Moreover, in Scaggs v. Lindsey Well Service, Inc., supra, we held:

"Whether an accidental injury arose out of and in the course of claimant's employment presents a question of fact to be determined by the State Industrial Court from the totality of facts and circumstances disclosed in the particular cause, and its finding on such issue will not be disturbed on review when supported by competent evidence.

"* * * It is neither the province nor the duty of this Court to interfere with a factual determination of the trial tribunal when founded on competent evidence."

Other cases to the same effect are: Terry Motor Co. v. Mixon, Okl., 361 P.2d 180; Magnolia Petroleum Co. v. State Industrial Commission, supra; Bayless v. Sparkman Livestock Sales, Okl., 350 P.2d 233; Anderson-Prichard Oil Co. et al. v. Floyd et al., Okl., 340 P.2d 943, and Travis v. Oklahoma City Linen Service, Okl., 361 P.2d 182, supra.

We deem the evidence before the State Industrial Court entirely sufficient to support its decision that the accidental death of claimant's decedent did not arise out of and in the course of his employment. It is clear from the testimony of witness, Boies, the branch manager of Allis-Chalmers at Oklahoma City, that decedent had received permission from him to go to New Mexico from Leedey, Oklahoma, on his vacation, and had no duties to perfom for Allis-Chalmers after performing his service call to Leedey, until he should return to Oklahoma City after his vacation; that Allis-Chalmers did not send decedent on any business for it, but the trip to New Mexico was for vacational pleasure at the request and volition of decedent. This, corroborated by the testimony of witness Creach, as to the statement by decedent to him as to decedent's reason for going to New Mexico; the activities of decedent at Sparlin ranch testified to by the Sparlins and other circumstances we have heretofore mentioned, constituted ample competent evidence to support the finding of the State Industrial Court.

In addition to the reasons already expressed, there is another sound reason for holding against petitioner. Both parties in their briefs have cited our decision in Cochran v. Maassen Tool & Supply Co. et al., 204 Okl. 60, 226 P.2d 953. Presumably it was cited by the petitioner because of a realization that a definite purpose of the New Mexico trip was a deer hunting vacation for decedent, and therefore it must be shown there was a concurrent purpose for the journey of attending to business for Allis-Chalmers, his employer.

In Cochran v. Maassen Tool & Supply Co., supra, employee had gone to a neighboring town for personal reasons and there was testimony that he also attended to duties for his employer, and we quoted and applied the widely acclaimed and generally approved formula authored by the eminent Justice Cardozo for decision of Marks' Dependents v. Gray, 251 N.Y. 90, 167 N.E. 181. In speaking for his court Justice Cardozo stated his formula in this language:

"We do not say that service to the employer must be the sole cause of the journey, but at least it must be a concurrent cause. To establish liability, the inference must be permissible that the trip would have been made though the private errand had been canceled. * * * The test in brief is this: If the work of the employee creates the necessity for travel, he is in the course of his employment, though he is serving at the same time some purpose of his own. * * * If, however, the work has had no part in creating the necessity for travel, if the journey would have gone forward though the business errand had been dropped, and would have been canceled upon failure of the private purpose, though the business errand was undone, the travel is then personal, and personal the risk."

Applying the Cardozo formula, we sustained in our case an order denying an award.

In another and more recent case, Dobson, Adm'x v. Commercial Oil Transport, Inc., et al., Okl., 371 P.2d 709, we quoted and applied the Cardozo formula in a death case where the circumstances were very similar to those of Cochran v. Maassen, supra, and of the instant case. Therefore, we have clearly adopted as sound this measuring stick. Assuming there had been some business transacted by decedent Anderson for his employer respondent on the New Mexico trip, using the Cardozo language, "the work has had no part in creating the necessity for travel," and "the journey would have gone forward though the business errand had been dropped, and would have been canceled upon the failure of the private purpose, though the business errand was undone." There can be no other conclusion but that the vacation was the sole cause for travel, and the work of the employer had no part in creating the necessity therefor. In such case, "the travel is then personal, and personal the risk."

The order of the Industrial Court denying the award to petitioner is sustained.

This Court acknowledges the aid of Supernumerary Judge EBEN L. TAYLOR in the preparation of this opinion. After a tentative opinion was written the cause was assigned to a Justice of this Court. Thereafter, upon report and consideration in conference, the foregoing opinion was adopted.

BLACKBIRD, C. J., and WELCH, DAVISON, JOHNSON, WILLIAMS, JACKSON, IRWIN and BERRY, JJ., concur.