**POOL WELL SERVICING CO., and Employers National Insurance Co., Petitioners,**

v.

**J. D. MORRIS and The State Industrial Court, Respondents.**

**No. 40329.**

Supreme Court of Oklahoma.

March 3, 1964.

Ray Teague, Oklahoma City, for petitioners.

Tom Hieronymus, Woodward, Charles R. Nesbitt, Atty. Gen., for respondents.

DAVISON, Justice.

This is an original proceeding brought by Pool Well Servicing Company and Employers National Insurance Company, hereinafter called petitioners, to review an award made by the Industrial Court to J. D. Morris, hereinafter called respondent.

On the 29th day of November, 1961, respondent filed his first notice of injury and claim for compensation stating that he was employed as a laborer and on December 2, 1960, (amended to read December 22, 1960), sustained an accidental injury arising out of and in the course of his employment when a company pickup truck he was driving overturned near Booker, Texas.

An award was entered by a trial judge of the Industrial Court on July 11, 1962, sustained by the court en banc on October 17, 1962, for 3 weeks 1 day temporary total disability and for five (5) per cent permanent partial disability to the body as a whole. The amount of the award or the sufficiency of the evidence to support the finding as to disability are not at issue. However, petitioners seek a review of the award in this court, in effect, on the single proposition that the State Industrial Court erred as a matter of law in making the award and in finding that the injury arose out of and in the course of the employment.

Generally the question of whether an injury arises out of and in the course of employment is one of fact to be determined by the Industrial Court. However, if there is no dispute as to the facts it is a question of law. Hughes v. Haco Drilling Co., Okl., 340 P.2d 472; Farmers' Gin Co. v. Cooper, 147 Okl. 29, 294 P. 108.

The evidence in the instant case is not in dispute. Respondent was an employee of Pool Well Servicing Company as one of a four man crew servicing a well approximately seven miles south of Perryton,

Texas. The home of each crew member was in Laverne, Oklahoma, and the crew would return there approximately every three days. For these trips the company furnished a company owned pickup truck, paid the gas and oil therefor, and each crew member was paid in addition to his regular wages, an amount equivalent to the elapsed time it took to make the trip one way. On December 21, 1960, the respondent was authorized by the crew chief, Troy Meyers, to use the company's pickup truck for the purpose of going to Laverne. No other member of the crew accompanied respondent and it was his testimony that he was making the trip to see his girl friend. On December 22, 1960, at approximately 6:00 o'clock A.M. near Booker, Texas, respondent, then being on the trip but returning to the job, lost control of the pickup truck, causing it to be overturned, resulting in accidental personal injuries to him. The site of the accident was approximately 20 miles from the job site and it was admitted by the respondent that the only reason for the trip was to see his girl friend and get some clean clothes. He further stated he was not engaged in any work or on any mission for his employer.

In 99 C.J.S. Workmen's Compensation § 222, it is said:

"As a general rule, an injury suffered by an employee while acting for his own purposes or benefit is not compensable. Such an injury does not arise out of and in the course of, or out of, or in the course of, or within the scope of the employment, at least where such activity is not an incident of the employment, has no connection or relation to the employment, or is outside the scope of the employment. * * * The fact that the employer consents to or permits the activity does not make compensable an injury in the course thereof. An injury suffered by an employee while on a personal trip in a conveyance furnished by the employer is not compensable; the fact that the employer foots the bill for the pleasure jaunt by the employee does not render an injury in the course

thereof one arising out of and in the course of the employment."

And in the same text, § 221, it is said:

"In determining the question of the employer's liability for an injury resulting on a trip undertaken for personal as well as business reasons, it is essential to determine whether, at the outset, the trip in question was that of the employer, or that of the employee. If it is the employer's trip, the employee is engaged in his employer's business and acting within the scope of his employment while going to, and returning from, the terminus of the trip. If it is the employee's trip, he is not within the scope of his employment while enroute to, or returning from, the terminus of his trip."

In Cochran v. Maassen Tool & Supply Co., 204 Okl. 60, 226 P.2d 953, a case like unto the case at bar but even stronger in claimant's favor, employee had gone to a neighboring town for personal reasons and there was also testimony that he also attended to duties for his employer. While on the trip on his return he sustained an injury in an automobile collision. The Industrial Commision (now court) denied claimant an award and this court in sustaining that order stated:

"In the matter of Marks Dependents v. Gray, 251 N.Y. 90, 167 N.E. 181, 182, 183, the New York Court, speaking through Mr. Justice Cardozo says: 'We do not say that service to the employer must be the sole cause of the journey, but at least it must be a concurrent cause. To establish liability, the inference must be permissible that the trip would have been made though the private errand had been cancelled. * * * The test in brief is this: If the work of the employee creates the necessity for travel, he is in the course of his employment, though he is serving at the same time some purpose of his own. * * * If, however, the work has no part in creating the necessity for travel, if the journey would have gone forward

though the business errand had been dropped, and would have been cancelled upon failure of the private purpose, though the business errand was undone, the travel is then personal, and personal the risk.' "

The record in the instant case does not show that respondent's duties required him to make the trip in question and is devoid of any evidence showing this particular trip to be in anywise connected with or incident to his employment. To the contrary his own testimony is that the trip was being made for his personal benefit and personal satisfaction.

■ In effect this court has held and is committed to the rule that, "An injury does not arise out of the employment within the meaning of the Workmen's Compensation Law of this state, unless it results from a risk reasonably incident to the employment, and unless there is apparent to the rational mind, upon consideration of all the circumstances, a causal connection between the conditions under which the work is required to be performed and the resulting injury." See Farmers' Gin Co. v. Cooper, supra; Cox v. Cox, Okl., 379 P.2d 704; Dobson v. Commercial Oil Transport, Inc., Okl., 371 P.2d 709.

A review of the cases cited and relied upon by respondent to sustain the order of the Industrial Court would merely serve to unduly burden this opinion. Suffice to say, the cited cases are not in point with the factual situation here involved. They are, in the main, cases wherein the injured employee was on a special mission for his employer or was injured while doing something at the direction or for the benefit of employer.

■ Our review of the record herein leads us to the conclusion that the respondent was engaged in an activity wholly unrelated to his employment, was strictly for his personal benefit and purposes, and under the rules hereinabove set forth the award of the Industrial Court is not supported by reasonable evidence, and should be vacated.

The order of the Industrial Court is hereby denied and vacated.

HALLEY, V. C. J., and WELCH, JOHNSON, JACKSON and BERRY, JJ., concur.

BLACKBIRD, C. J., and WILLIAMS and IRWIN, JJ., dissent.

IRWIN, Justice (dissenting).

In my opinion, the record conclusively shows the following facts:

(1) There was an understanding or agreement between the employer and the employees that the employer would furnish transportation from the well location in Texas, to and from the employees' homes in Laverne, Oklahoma.

(2) As a general rule the employees would travel from the well location in Texas to their homes in Laverne, Oklahoma, and return, every three days in the transportation furnished by the employer.

(3) Claimant was one of the employees for whom employer furnished transportation and claimant had not been home for three days.

(4) Employer furnished claimant with transportation to his home at the end of three days and claimant sustained his injuries on the return trip to the well location.

Under the above facts, I am of the opinion that the understanding or agreement to furnish the transportation was an incident to the employment of claimant and that claimant sustained his injuries during the period of time that employer was furnishing him transportation to and from the place of employment as an incident to the employment.

Therefore, I am of the opinion that the case of R. J. Allison, Inc. v. Boling, 192 Okl. 213, 134 P.2d 980, is controlling in the instant action. In that case we held:

"The general rule that an injury suffered by an employee while on his way to

or from his regular work does not arise 'out of and in the course of his employment', as that expression is used in the Workmen's Compensation Law (85 O.S. 1941 § 11), does not apply where the employee sustains an accidental injury while going to or returning from his place of work (1) to perform a special task, outside his regular working hours, and at the request of his employer, or (2) *where the employer agrees, as an incident to the employment, to transport the employee* to and from his place of work." (Emphasis mine.)

I therefore respectfully dissent to the opinion promulgated by a majority of my associates.

I am authorized to state that Mr. Chief Justice BLACKBIRD and Mr. Justice WILLIAMS concur in the views herein expressed.