**QUALLS TRANSFER & STORAGE CO., and Phoenix of Hartford Insurance Company, Petitioners,**

v.

**Gertrue M. CUMMINGS, and State Industrial Court, Respondents.**

**No. 45317.**

Supreme Court of Oklahoma.

Dec. 12, 1972.

Rehearing Denied Jan. 23, 1973.

Gerard K. Donovan, Donovan, Freese, & Downing, Tulsa, for petitioners.

Marx Childers, Oklahoma City, for respondents.

WILLIAMS, Justice.

This original proceeding seeks vacation of an order, affirmed by State Industrial Court en banc, awarding statutory death benefits to the surviving widow and legal dependents of Marshall G. Cummings, deceased. The sole issue is whether deceased had deviated from his assigned duties so as not to be within course of employment at the time of accidental death.

Deceased was employed as driver of truck-trailer furniture carrier owned by petitioner, but affiliated with Allied Van Lines, which maintained offices handling dispatch of vans hauling interstate furniture shipments. When not traveling deceased kept the truck at his rural home near Pryor, necessary repairs being performed at Duvall's local truck repair service. Pursuant to instructions, deceased left Pryor for Oklahoma City the morning of September 13, 1968, to load and transport a cargo of furniture to Denver, Colorado for delivery on Monday. Deceased had packed clothing for two or three weeks, and was accompanied by a local youth (McDonald), employed on this occasion to assist loading the van.

En route to Oklahoma City via turnpike mechanical trouble developed with the truck manifold. Deceased stopped and attempted to repair the trouble, but was only partially successful. About noon deceased stopped for repair at a garage near Oklahoma City, but was unable to get the work done. The truck was driven on to destination and the van loaded, after which deceased telephoned his employer. Respondent testified deceased stated later his em-

ployer advised the truck should be returned to Pryor for repair, since it was too late in the day for the work to be done in Oklahoma City. Deceased then drove to a city truck stop, unhooked the loaded trailer, and left his clothes in the van. Both parties returned to Pryor in the truck arriving at deceased's home (three miles west and four miles south of town) at 6–7 P.M. Deceased removed his tools, log book and papers belonging to Allied from the truck and spent the night at home.

On Saturday morning deceased drove the truck to a garage, located just out of Pryor, where repairs had been made for deceased on prior occasions. Before leaving respondent was advised when the truck was repaired deceased would return home for his things and leave immediately on the trip. This garage, located a short distance out of town, specialized in truck repairs and at times deceased had brought his truck in and left it at the garage over Saturday. The only authorization for repairs was by deceased, although the garage sent the repair bills to the truck owner in McAlester. Although necessary repairs were relatively simple, there was evidence operation of the truck with the manifold broken would be dangerous, in addition to being unduly noisy.

The truck was left at the garage shortly after opening and deceased returned to town, being seen in the company of a son-in-law about 3:30 P.M. Some time thereafter deceased returned to the garage, ascertained repairs had been completed, and was observed driving the truck away from the garage in the direction of his home. While traveling a gravel road toward home the truck overturned and deceased was killed. Respondent's claim for death benefits resulted in the award herein reviewed.

Upon hearing (September 3, 1969) petitioner asserted the defense of deviation from duties, by reason of which deceased was not within the course of his employment when killed. Aside from argument upon weight of the evidence, petitioner's principal contention is predicated upon our

decisions in Cochran v. Maassen Tool & Supply Co., 204 Okl. 60, 226 P.2d 953; Bayless v. Sparkman Livestock Sales Co., Okl., 350 P.2d 233; Guthrie, Minor, etc. v. Modern Distributors, Inc., Okl., 350 P.2d 468; Dobson, Admx. v. Commercial Oil Transort, Inc., Okl., 371 P.2d 709.

Basis of the decision in *Cochran* was the oft-quoted rule laid down by Cardozo, J. in Marks Dependents v. Gray (N.Y.), 251 N. Y. 90, 167 N.E. 181. Our decision in that case found claimant's own evidence sufficient to support the conclusion that the employer's business was not a concurrent cause for the trip, and the work performed had no part in creating necessity for travel resulting in injury.

And, in *Dobson,* supra, an employee who had ceased any work-connected duty and was injured while on a personal mission to the country club, was held to have not been going to a place at the employer's direction, or doing anything for his employer's benefit. Although differently expressed, result in the Dobson case was reached under application of the test announced by Justice Cardozo.

The decisions in the *Bayless* and *Guthrie* cases, supra, do not support petitioner's argument. Basis of the conclusion in each was the so-called general rule: that injury during deviation from a route *prescribed by an employer's specific directions* does not arise out of and in course of the employment. In the present cause no contention was made, or evidence introduced, that violation of specific directions occurred. Parenthetically, we observe that *Bayless,* supra, cites the *Cochran* case as expressive of the general rule. The latter decision involved no issue of deviation from route prescribed by specific instruction, and is not authority for the rule applied in our decision in Bayless.

The effect of the State Industrial Court's adjudication herein amounted to a determination that deceased's return to Pryor was not a personal mission but within course of his employment. The evidence is uncontroverted as to mechanical

difficulty with the truck, and that deceased's journey culminated in repair of this trouble. Evidence also established deceased's expressed intention to resume the journey for his employer's business immediately after repairs were completed, and that the return trip had been commenced when the accident occurred.

Neither evidence nor permissible inference establish deceased's return to Pryor was a personal errand. Repairs to the truck could not be secured in Oklahoma City, but deceased knew this could be accomplished in Pryor. The helper did not need to be returned to Pryor, it already having been decided he could return home by bus. Deceased's intention to pick up his load and begin the trip to Denver at the earliest possible time is reflected in the fact that clothing for the anticipated long trip was left in the parked van. That deceased had resumed his employer's trip as intended is not open to doubt except by conjecture or speculation, based upon petitioner's construction of portions of the evidence.

The situation best can be measured by the test in *Marks Dependents,* supra, which points out the employer's service need not be the sole cause but a concurrent cause of the journey. If the work creates necessity for travel the employee is within course of his employment, although at the same time serving a purpose of his own. But, if the work does not create need for travel, and the journey (trip to Pryor) would have been made although the errand (truck repair) might have been cancelled (upon failure of the private purpose) even though the truck was unrepaired, deceased's travel would have been outside the course of employment. No evidence suggests, or reasonable inference arises, that deceased would have returned to Pryor had it been possible to procure necessary repairs in Oklahoma City.

The general finding that deceased's death resulted from injuries arising out of and in course of employment, included finding of every permissible evidentiary fact which lends support to the order. Cochran v. Maassen Tool & Supply Co., supra. The court's findings are reasonably supported by competent evidence and will not be disturbed on appeal. Thomas Block Co. v. Pennokee, Okl., 477 P.2d 675.

Our conclusion in regard to matters discussed makes it unnecessary to consider the issue from standpoint of whether there was a personal errand which had been completed and the trip resumed for purpose of reaching the business destination. See Larson's Workmen's Compensation, Section 19 and footnote cases cited.

Award sustained.

All the Justices concur.