**ALIMENTA, U.S.A., a corporation and Aetna Casualty & Surety Co., insurance carrier, Petitioners,**

v.

**Jack B. SAWYERS, Respondent.**

No. 58658.

Court of Appeals of Oklahoma, Division No. 2.

Oct. 26, 1982.

Released for Publication by Order of the Court of Appeals Dec. 2, 1982.

Don J. Gutteridge, Jr., Kerr, Irvine & Rhodes, Oklahoma City, Jan Eric Cartwright, Atty. Gen., Oklahoma City, for petitioners.

Stipe, Gossett, Stipe, Harper & Estes by Craig Dawkins, Oklahoma City, for respondent.

BRIGHTMIRE, Judge.

■ Did claimant, Jack Sawyers, plead and prove a recoverable claim under the Workers' Compensation Act, notwithstanding the fact that he referred to his injury as one arising from an occupational disease rather than an accident? We hold he did and sustain the trial court's award of 25 percent partial permanent disability.

I

The facts are interesting and involve little conflict. Alimenta, U.S.A. is a peanut processor affiliated with a worldwide concern headquartered in Switzerland. Sawyers, a resident of Durant, Oklahoma, possessed certain skills and abilities being sought by Alimenta. Following a period of preliminary investigation the president of Alimenta telephoned Sawyers in Durant in November 1980 and offered him a job in Sudan, Africa. Sawyers accepted.

On December 1, 1980, the employee was flown to an Alimenta facility in Khartoum, Sudan, where he began setting up a peanut grading and buying system. A few weeks later claimant was sent to Port Sudan where the company made arrangements for him to stay at the Red Sea Hotel at its expense. On April 9, 1981, after two days of living at the Red Sea, Sawyers became ill. His symptoms included nausea accompanied by vomiting and diarrhea. He changed hotels, took some pills for the diarrhea and when the condition persisted, he saw a physician who diagnosed the affliction as amoebic dysentery and gave an injection for nausea. Not long after this Sawyers returned to Khartoum. The problem not only continued, but he grew weaker as other symptoms appeared such as rectal bleeding.

Finally in May, Sawyers was returned to the United States by Alimenta and he received his last paycheck from it on June 1, 1981.

Once back in Durant Sawyers contacted a physician who hospitalized him. Later he was hospitalized a second time in Dennison, Texas. Based on the history and test results achieved during the two hospitalizations, claimant's physician opined that the employee contracted "a severe intestinal infection of endamoeba histolytica while in Port Sudan ... on ... 4–9–81" from which he has continued to suffer ever since. Such disease is common in Sudan because of primitive environmental conditions and can produce pathological changes grave enough to be fatal in a number of cases. "The long term prognosis for Mr. Sawyers," said the physician, "is that he will have intermittent episodes ... which will interfere with his daily life ... [and] may well deteriorate into a chronic colitis."

The trial court found that amoebic dysentery is an occupational disease and awarded Sawyers 25 percent permanent partial disability. Alimenta appeals saying that only a single issue is presented; namely, whether claimant's "disease falls within the definition of an 'occupational disease' as defined in Title 85 O.S.1981 § 3(10)."

II

Alimenta's two propositions evolve, essentially, around the conclusion that the disease afflicting Sawyers is not an "occupational disease" within the meaning of 85 O.S.1981 § 3(10).

With this conclusion we agree.

■ However, it does not follow that the award must necessarily be vacated. If the trial judge reached the correct result for

the wrong reason his order must be upheld. *G.A. Mosites Co. of Ft. Worth, Inc. v. Aetna Cas. & Sur. Co.,* Okl., 545 P.2d 746 (1976).

The controlling question, we think, is whether claimant's proof demonstrates that he sustained an accidental injury arising from his employment.

A compensable injury may result from a disease either as a sudden accidentality or as an insidious occupational development. In other words a disease wrought "accident" in the compensation law sense is distinguishable from a statutory "occupational disease" in that the former features a disabling event occurring on a definite date while the latter involves disability, the onset of which is gradual and unheralded by any identifiable occurrence. *Consolidated Gas Utilities Corp. v. Jeter,* 205 Okl. 471, 238 P.2d 804 (1951). And so, of course, if the evidence here discloses a work-related disabling disease arising from some definite event, the court is compelled to find that Sawyers sustained an accidental injury under the Workers' Compensation Act entitling him to compensation. *Wilson Foods Corp. v. Porter,* Okl., 612 P.2d 261 (1980); *City of Nichols Hills v. Hill,* Okl., 534 P.2d 931 (1975). In *Porter* a cowhide handler's infestation with brucellosis—a disease endemic to cattle, hogs and goats—was held to be a compensable "accidental injury." In *Hill* the same conclusion was reached in regard to the claimant's contraction of a disease called histoplasmosis—an infection that could result from a "single instance of exposure."

In the case at bar the evidence indicates that while attending to Alimenta business in Port Sudan, Sawyers rather suddenly became infected with amoebic dysentery. Thus the clear weight of the evidence justified the court en banc's affirmance of the trial court's compensation award for the reason that Sawyers had sustained an accidental injury. *ITT Continental Baking v. Ware,* Okl., 620 P.2d 1308 (1980).

Moreover he sustained the injury in the course of his employment. If one's work necessitates travel and lodging away from home he is in the course of his employment during such period even though at the time of an accidental injury he may have also been serving some purpose of his own. *Qualls Transfer & Storage Co. v. Cummings,* Okl., 505 P.2d 183 (1972); *Cochran v. Maassen Tool & Supply Co.,* 204 Okl. 60, 226 P.2d 953 (1951). For the law considers acts of self-ministration, such as eating, obtaining lodging, and going to and from places where this is done, as incidental to and within the scope of employment of an employee required to be away from home. *Rhoades v. Leroy Holt Trucking Co.,* Okl. App., 53 O.B.J. 163 (1982), *cert. denied,* 53 O.B.J. 952 (1982).

Award sustained.

BOYDSTON, P.J., concurs, and BACON, J., concurs in result.