2001 OK CIV APP 26

**Brownie F. HOLLAND, Petitioner and Ronnie Garrison, Petitioner,**

v.

**WESTMAR, INC., and Workers' Compensation Court, Respondents.**

**Nos. 93,074, 93,075.**

Court of Civil Appeals of Oklahoma, Division No. 2.

Nov. 3, 1999.

Certiorari Denied May 24, 2000.

---

Kenneth L. Wood, Boettcher, Ryan & Martin, Oklahoma City, OK, for Petitioners.

Kurt Budke, Caldwell & McCarty, P.C., Oklahoma City, OK, for Respondent.

REIF, J.

¶ 1 The question presented for decision is whether a weekend trip home to Oklahoma by four Westmar employees from a Texas job site was travel incidental to employment, or a personal mission that Westmar merely accommodated by allowing them to use a company truck. The workers' compensation trial court ruled that the trip home was a personal mission that Westmar had accommodated. The trial court denied the claims of two Westmar employees who were injured in Oklahoma when the company truck in which they were traveling was rear-ended. One of the claims was tried first and the record from that case was used to decide the second claim. In view of the fact that these claims arise from the same accident, and involve a common record, they are consolidated for review and decision in a single opinion.[1]

¶ 2 The employees were making the trip home to Oklahoma for the weekend of October 2, 3, and 4, 1998, due to a rain-out of work on Friday, October 2. Claimant Garrison, whose claim was tried, indicated that he was *not* "given the option of either staying in a hotel or going home" and flatly stated: "We had to go home." When asked if anyone told him he had to go home in the company vehicle, he replied, "Well, all they told me is go home, you know. And that's the only vehicle that was there. So I guess it was the only way."

¶ 3 The representative for Westmar testified that he advised the job-site superintendent that "since they [the employees] were so close to home and if they wanted to go home, they could." He also stated: "If they wanted to stay in the hotel, of course, it's our policy to always provide the motel and the per diem." The Westmar representative also explained that Westmar provides transportation in a company truck to and from distant job-sites at the beginning of a sixty-day work period and at the conclusion of the sixty-day work period. He further explained that the weekend trip on October 2 was not employment travel, even though Westmar allowed the employees to use the company truck,

1. In *Christian v. Nicor Drilling Co.*, 1982 OK 76, ¶ 2, 653 P.2d 185, 186, the supreme court consolidated similar common claims for decision in a single opinion.

because they "went home voluntarily" only two weeks into the sixty-day work period. The Westmar representative noted that some employees did stay at the motel over the weekend in question at company expense.

■ ¶4 The testimony of the Westmar representative was consistent with the Field Policy and Employment Agreement that claimants signed.[2] This agreement states that: "Travel to and from the job is up to the employee [who must either] arrange his own transportation or make arrangements to meet up with a company truck." The agreement also states: "Travel time is paid by hours spent *Driving a Company Truck or Moving Company Trailer.* Travel time and driving time will be split equally among all riders in vehicle." The agreement expressly provides, however, that: "Driving a company vehicle to and from home for days off on holidays is not considered as travel time." Finally, the agreement indicates that the only time an employee does not receive a weekend per diem allowance is for absenteeism on the Friday before or the Monday after the weekend in question. The context in which "absenteeism" is used indicates that this means *unexcused* absenteeism.

¶5 The case of *Pool Well Servicing Co. v. Morris,* 1964 OK 47, 389 P.2d 981 (Okla. 1964), closely resembles the case at hand and virtually compels affirmance of the trial court. In the *Pool Well* case, the claimant was part of a four-man crew working on a well near Perryton, Texas. About every three days, the claimant and other crew members would return to their home in Laverne, Oklahoma. For these trips, the company furnished a company-owned pickup truck, paid for its gas and oil, and provided some travel-time pay. The claimant in the *Pool Well* case was injured while driving the company truck to and from Laverne, Okla-

homa with the permission of his crew chief, but *outside the regular travel schedule.* The claimant admitted "the only reason for the trip was to see his girlfriend and get some clean clothes." *Id.* at ¶5, 389 P.2d at 983. The court in *Pool Well* adopted the rule that: "An injury suffered by an employee while on a personal trip in a conveyance furnished by the employer is not compensable; the fact that the employer foots the bill for the pleasure jaunt by the employee does not render an injury in the course thereof one arising out of and in the course of employment." *Id.* at ¶6, 389 P.2d at 983.

¶6 In a case decided later that same year, the supreme court also rejected coverage for an employee who was injured while being driven to a bus line in an employer-provided vehicle. The employee was going to take the bus to return home at the end of his work day. The court observed that "the object of the trip was for the personal accommodation of claimant and not to accomplish any work of the employer." *Nineteenth Seed Co. v. Townsend,* 1964 OK 183, ¶6, 394 P.2d 531, 533 (Okla.1964). The court cited approvingly the following rule: "Where employer gives employee a ride merely as a matter of accommodation, such ride is a gratuity and not part of employment." *Id.* at ¶13, 394 P.2d at 534 (citations omitted). The recent case of *Ferraton v. Bob Howard Auto Mall,* 1998 OK CIV APP 154, ¶10, 970 P.2d 196, 199, followed the *Nineteenth Seed Company* case in holding that a salesman who was injured while driving home after work in an employer-provided demonstrator car did not sustain a compensable injury.

■ ¶7 The rain-out opportunity to return home for the weekend simply presented an unscheduled holiday for the workers and the parties' employment agreement clearly states that "[d]riving a company vehicle to

2. Claimants have argued on review that the testimony of the Westmar representative is not competent evidence to controvert the testimony of claimant Garrison, that he and the other employees he traveled with did not have the option to stay and were told to go home. Claimants rely on the fact that the Westmar representative was not present when the employees were given their instructions. However, no objection was offered at the time the Westmar representative testified. Under Workers' Compensation Court Rule 23, 85

O.S. Supp.1998, ch. 4, app., any challenge to this testimony has been waived and it may be considered "as part of the proof in the case." In addition, claimant Garrison did not identify the "they" that he says told him to go home. "They" could very well be his co-workers as opposed to the job-site superintendent or some other authorized Westmar representative. If, for no other reason, the testimony of the Westmar representative is due weight because it is consistent with the employment agreement.

and from home for days off on holidays is not considered as travel time." The use of the company vehicle for the trip home in question was "a matter of accommodation [and] gratuity and not part of employment." Therefore, the claims in question were properly denied because "[a]n injury suffered by an employee while on a personal trip in a conveyance furnished by the employer is not compensable."

¶8 The denial of the claim of Brownie Holland under review in appeal No. 93,074 is sustained.

¶9 The denial of the claim of Ronnie Garrison under review in Appeal No. 93,075 is likewise sustained.

¶10 SUSTAINED.

¶11 STUBBLEFIELD, P.J., and BOUDREAU, J. (sitting by special assignment), concur.