VELVA MAUSER, APPELLANT, v. DOUGLAS & LOMASON COMPANY, APPELLEE.

222 N. W. 2d 119

Filed October 10, 1974. No. 39375.

Winkle & Allphin and Lyle Winkle, for appellant.

Walter, Albert, Leininger & Grant, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

BOSLAUGH, J.

This is a proceeding under the Workmen's Compensation Act. The plaintiff was employed by the defendant as a punch press operator at its plant in Columbus, Nebraska. On June 1, 1971, the plaintiff was injured and sustained disability as a result of complications following a donation of blood to the Red Cross.

The Workmen's Compensation Court found the evidence failed to show the plaintiff had sustained an accident and injury which arose out of and in the course of her employment by the defendant and dismissed the proceeding. The plaintiff waived rehearing before the full compensation court and appealed directly to the District Court.

The District Court found the evidence was insufficient to support a finding that the plaintiff had sustained an accident and injury which arose out of her employment by the defendant. The plaintiff has appealed to this court.

The record shows the defendant posted a notice at its plant which stated employees wishing to donate blood to the Red Cross on June 1, 1971, would be excused for 1 hour of work for which they would be paid. Employees wishing to donate blood were asked to sign their name on a sheet provided for each shift and to give their name and clock number to the Red Cross at the

city auditorium at the time they reported for the donation. In order to be paid for the hour for which they were excused from work, it was necessary that the employees give their name and clock number to the Red Cross. The defendant offered to furnish transportation to the city auditorium for any employee who needed it.

In order to recover under the Workmen's Compensation Act, the evidence must show the plaintiff's disability was the result of an accident arising out of and in the course of the employment. The sole question presented in this case is whether the accident and injury to the plaintiff arose out of and in the course of her employment by the defendant. "Arising out of" refers to the origin or cause of the accident and is descriptive of its character, while "in the course of" refers to the time, place, and circumstances of the accident. Oline v. Nebraska Nat. Gas Co., 177 Neb. 851, 131 N. W. 2d 410.

The act does not cover workmen except while engaged in, on or about the premises where their duties are being performed, or where their service requires their presence as a part of such service, and does not cover workmen who, on their own initiative, leave their line of duty or hours of employment for purposes of their own. § 48-151 (6), R. R. S. 1943.

The accident and injury to the plaintiff in this case occurred during normal hours of service but not on premises where her presence was required. The defendant had no control over the operation of the Red Cross program and received no benefit from the plaintiff's participation in the program except that which might flow from its willingness to cooperate with the program by offering employees time off with no loss of pay.

Participation in the Red Cross program by the plaintiff was in the nature of a civic or patriotic duty and not reasonably necessary nor incident to her work as a punch press operator. The evidence failed to show

the plaintiff was injured as a result of a risk incident to the employment.

The judgment of the District Court is affirmed.

AFFIRMED.