586 P.2d 738 (1978)
In the Matter of the DEATH OF Robert Lynn MAY.
Florence Larue MAY, Respondent,
v.
PUROLATOR SECURITY SERVICE, and the Royal Globe Insurance Company, Petitioners.
No. 51394.
Supreme Court of Oklahoma.
October 31, 1978.
David O. Beal, Oklahoma City, and Warren Griffin, Midwest City, for respondent.
Gary W. Sleeper, Rhodes, Hieronymus, Holloway & Wilson, Oklahoma City, for petitioners.
*739 HARGRAVE, Justice:
The sole issue for review is whether a trial judge's award of death benefits is supported by competent evidence.
Robert Lynn May, employed by petitioner, Purolator Service Company, hereafter respondent, completed his assigned route on November 6, 1976, but did not return to headquarters. The company truck later was found abandoned, and on November 21, 1976, May's body was found in a rural field, death having resulted from gunshot wounds.
The paternal grandmother filed claim for death benefits on behalf of a dependent minor, who suffered pecuniary loss from her father's death. Another claim was filed by deceased's former wife, natural mother and court appointed guardian of this minor. Respondents answered by specific denial that death of deceased arose out of and in course of employment.
Upon hearing, the parties stipulated necessary jurisdictional and evidentiary facts. Stipulations also established marriage of deceased and claimant Janet Sue David May; birth of dependent minor; divorce of these parties with child custody and support money awarded the mother; and death of deceased from gunshot wounds on an unknown date. Other pertinent evidence established matters summarized below.
Deceased's duties required driving respondent's truck over a regular route to deliver cash to business establishments, and pick up their funds for delivery to a bank or the company vault. There were regular morning and afternoon routes which were permanently logged as to time and place, although drivers were permitted to vary their routes so long as completed in shortest possible time. On Saturday, November 6, 1976, deceased's afternoon route was scheduled to terminate at 6:00 P.M. The log showed deceased completed the route and was seen at the last stop in southwest Oklahoma City, but never was seen alive thereafter. *740 The abandoned truck was returned to respondent the following Monday.
On November 21, 1976, deceased's body was found in a field in a rural area of northeast Oklahoma City. The body was lying on the left side in a northeasterly direction, with hands in a clinched position, indicating movement in fear or gesture of protection. Both wrists bore pressure marks, considered by an expert witness to have been caused by excessively tightened handcuffs. Deceased was clad in clothing ordinarily worn by drivers, with arm and shirt patches and indicia of employment for respondent. An outer (Sam Brown) belt carrying cartridge holder, handcuff case and gun holster, from which deceased's service revolver was missing, was on deceased's body.
Subsequent police investigation developed that a suspect (Warner Houston Irving Sr.) had delivered two hand guns and a shotgun to another person on November 6th or November 7th, ostensibly for safekeeping. Search of deceased's apartment revealed a shotgun and revolver belonging to deceased were missing. Laboratory tests by Federal Bureau of Investigation established the gun which killed deceased was one of the guns given to this third party for safekeeping. The suspect (Irving) a former employee of respondent, who had worked on the same truck with deceased, was apprehended, charged, and convicted of deceased's murder.
The trial court found "claimant" sustained accidental injury from gunshot wounds during course of covered employment wlich resulted in death. Claim of the paternal grandmother was properly brought, and award of death benefits ($14,000.00) to Tina Marie May who suffered pecuniary loss should be paid to the mother, legal guardian of the named minor.
In contending there is no competent evidence to support this award, respondents cite recognized principles from our decided cases and seeks to measure the evidence within these confines. Argument insists burden of proving disability or death was caused by accident arising out of and in course of employment, and absence of positive evidence to support the claim requires denial of compensation. Jurisdiction to award compensation is limited to accidental injuries which arise out of and in course of employment, which encompasses only those injuries which arise within time and space limitations of employment as well as within course of activities related thereto.
Upon this basis, respondents assert the evidence failed to show injury to deceased during the time he was making his route, or deceased's activities or whereabouts after 6:00 P.M. on November 6, 1976. Further, no evidence showed deceased was within scope of employment after completion of his route, that deceased was required to be at scene of his death, or that his murder was connected with respondents' employment. Because competent evidence failed to establish time, place, circumstances, or nature of activities, trial court determination of death by accidental means within scope of employment is founded upon speculation, rather than facts proved or reasonably inferred from evidence.
We consider respondents' argument and conclusion unpersuasive. The argument overlooks other principles recognized and applied in compensation cases. First, compensation law indulges a presumption that claim for injury, or death, of a workman comes within the provisions of the Act, in the absence of substantial evidence to the contrary, 85 O.S. 1971, § 1 et seq. Any reasonable doubt is to be resolved in favor of the claimant. In re Martin, Okl., 452 P.2d 785 (1969); Nebo Oil Company v. Wright, Okl., 406 P.2d 266 (1965).
Secondly, claimant has the burden of producing competent evidence to establish accidental injury occurred during covered employment. However, this may be established by circumstantial evidence, which need not rise to a degree of certainty which would exclude every other conclusion than that reached. Martin, supra. Circumstantial evidence is required only to provide legal and logical basis for a reasonable inference as to existence, or nonexistence of *741 the fact sought to be established. Young v. Neely, Okl., 353 P.2d 111; Gulf Oil Corporation v. Harris, Okl., 425 P.2d 957; Farmers Co-Op. Exchange of Weatherford v. Krewall, Okl., 450 P.2d 506. Without acceptance of this principle, accidental injury or death of a solitary workman never could be established as fact. Theoretical support for this principle is that occurrence of death within course of employment at least indicates the employment brought deceased within the range of harm, and the unknown cause is a neutral rather than a personal risk. Practical justification for principle arises from the fact death has removed the only witness who could prove causal connection, and fairness dictates softening the rule which requires claimant to produce affirmative proof of every requisite element of compensability. Larson's Workmen's Compensation Law, § 10.32, and footnote cases, including: Traveler's Ins. Co. v. Cardillo, 78 U.S.App.D.C. 255, 140 F.2d 10; State Compensation Fund v. Delgadillo, 14 Ariz. App. 242, 482 P.2d 491; Employer's Mut. Liab. Ins. Co. v. Rosenfeld, 130 Ga. App. 251, 202 S.E.2d 678; Continental Gas Co. v. Adams, 130 Ga. App. 168, 202 S.E.2d 574. An early California decision, Western Grain & Sugar Products Co. v. Pillsbury, 173 Cal. 135, 159 P. 423, declared this syllabus rule:
"Award of compensation cannot be defeated on the ground that though the evidence warranted finding of violent death by murder, it failed to show that it was accidental and in the course of employment of the watchman, who disappeared while on duty, the traces indicating murder."
Evidence showing deceased's disappearance during course of employment and eventual death by gunshot from a gun known to have been in hands of a person convicted of the murder has been mentioned. Deceased was within his employment until returning to headquarters absent showing of deviation. No evidence adduced indicated deviation from employment which would negate the presumption death occurred during course of employment. Analysis of evidentiary elements, by which respondents seek to demonstrate lack of competent evidence, amounts to a request to weigh and determine preponderance of the evidence.
Supreme Court does not weigh evidence or determine preponderance thereof when reviewing State Industrial Court orders or awards. Inquiry on review is to determine from review of entire record whether any reasonable competent evidence sustains the order reviewed. Circumstantial evidence may be used to establish a claim for compensation, it is not required this evidence should rise to a degree of certainty which excludes every other reasonable conclusion. There was no conflicting evidence, only a presumed conflict arising from respondents' interpretation as to meaning and weight to be given physical facts and permissible inferences drawn from circumstantial evidence.
No excursion into the field of speculation is required for valid reconstruction of the situation. After being seen alive at his last route stop, deceased was forced to abandon his truck, and accompany the killer to the place where his murder occurred. This evidence alone, without consideration of other circumstances reflected by established physical facts, is sufficient to support the trial court's determination that deceased's death from gunshots arose out of and in course of employment.
This conclusion is supported by decision in Royster v. McCoy, Okl., 293 P.2d 587 (1956), wherein cases and numerous annotations are cited which recognize the positional risk principle. See Larson's Workmen's Compensation Act, § 10. Decision in Royster quotes the following headnote, 112 A.L.R. 1262:
"When there is some causal connection between the employment and the assault, or where the conditions of the employment have the effect of exposing the employee to an assault, it is generally held, in the absence of extenuating factors, that the injury is compensable."
This statement is supported by annotations reflecting adoption of this principle by courts of other jurisdictions.
*742 Examination of this record discloses reasonable competent evidence to support the trial court's determination of facts upon which adjudication of compensability was based.
AWARD SUSTAINED.
All Justices concur.