Laurie Ann SCHELL, In the Matter of the Death of Michael Neal Schell, Petitioner,

v.

BLUE BELL, INC., Liberty Mutual Insurance Company and the Workers' Compensation Court of the State of Oklahoma, Respondents.

No. 54512.

Court of Appeals of Oklahoma, Division No. 1.

Oct. 27, 1981.

Release for Publication by Order of Court of Appeals Dec. 4, 1981.

out indicating any inclination to expand its scope.

4. 443 P.2d 111 (Okl.1968).

William A. Vassar, III, Oklahoma City, Donald Pape, Norman, for petitioner.

W. Jeffrey Dasovich, Oklahoma City, for respondents, Blue Bell, Inc., and Liberty Mut. Ins. Co.

REYNOLDS, Judge:

Laurie Ann Schell (Claimant), for herself and her daughter, seeks review of the order of the trial judge of the Workers' Compensation Court denying them an award of death benefits against Blue Bell, Inc. (Respondent), and its insurance carrier Liberty Mutual Insurance Company. The sole issue presented is whether the automobile accident that resulted in the death of Michael Neal Schell, decedent, arose out of and in the course of his employment.

Decedent was night cutting room supervisor—a salaried managerial employee—in Respondent's Seminole plant. He was given certain tasks and goals by Respondent and was expected to work the number of hours necessary to meet them. The cutting room normally worked a 10 hour day, 4 day week (Monday through Thursday) from 3:30 p. m.—2:30 a. m. Decedent was expected to be there whenever his employees

were working. He customarily stayed 30–45 minutes after the end of the shift. Decedent did not receive overtime pay if he worked more than 40 hours a week.

The scheduling of overtime work was not an extraordinary event for Respondent, especially in the fall busy season. There was testimony that the night shift had been working 44 hour shifts during parts of August, September, and October. The scheduling of Friday overtime work was not extraordinary. Normally employees were notified on a Wednesday if the shift would be working overtime on Friday. Decedent had not regularly worked Fridays in the three months preceding his death. He spent most of them visiting relatives in Oklahoma City. Friday, October 22, 1976, was a scheduled overtime work day for the night cutting room. It is unclear when decedent actually learned of this schedule. It was necessary for decedent to rearrange certain previously scheduled personal matters. This rescheduling occurred Friday morning.

Decedent worked until approximately 9:00 p. m. on October 22, 1976. On the return trip to his home in Seminole, decedent was involved in an automobile accident on city streets. He died from injuries sustained in the accident. Claimant seeks an award of death benefits.

■ For an injury or death to be compensable it must arise out of and in the course of the employment. *Matter of Death of May*, 586 P.2d 738 (Okl.1978). As a general rule an injury or death does not arise out of and in the course of employment when it is sustained while the employee is going to or coming from the employer's premises. *Fluor Engineers & Contractors, Inc. v. Kessler*, 561 P.2d 72 (Okl.1977). Three exceptions to this rule have been recognized in Oklahoma: (1) where ingress and egress to the premises has been constructed by the employer, or is the only means provided; (2) where the employee is charged with a special task or duty outside his regular working hours, or is engaged in dual purpose trip; or (3) where the employer furnishes the transportation, pays for the transportation, or the work creates the necessity for travel. *Fluor Engineers & Contractors, Inc. v. Kessler, supra; F. W. A. Drilling Company v. Ulery*, 512 P.2d 192 (Okl.1973).

The trial judge found that decedent's activities did not fall within the "special task" exception to the going and coming rule because the task that decedent performed was completely indistinguishable from his regular work, and denied compensation.

■ It is Claimant's position that the trial judge misinterpreted the requirements of the special task rule, and that merely by going to work outside of his regular hours, decedent qualifies under the special task exception to the going and coming rule. We disagree.

■ Whether an injury or death arises out of and in the course of employment is a question of fact for the trial judge of the Workers' Compensation Court. *K. P. Const. Co., Inc. v. Parrent*, 562 P.2d 501 (Okl.1977). Whether decedent's particular activities in the context of this case are encompassed within the special errand or special task exception to the going and coming rule likewise presents a question of fact for the trial judge. *Northwestern Steel and Wire Co. v. Industrial Commission*, 38 Ill.2d 441, 232 N.E.2d 293 (1967); *California Cas. Indemnity Exch. v. Industrial Acc. Com'n.*, 21 Cal.2d 751, 135 P.2d 158 (1943). Merely going to work outside his regular hours does not bring the employee within the special task exception. *Janger Produce Company v. Lee*, 304 P.2d 285 (Okl.1956).

In 1 Larson, Workmen's Compensation, § 16.10, the special errand or special task rule was stated as follows:

"When an employee, having identifiable time and space limits on his employment, makes an off-premises journey which would normally not be covered under the usual going and coming rule, the journey may be brought within the course of employment by the fact that the trouble and time of making the journey, or the special inconvenience, hazard, or urgency of making it in the particular circumstances, is itself sufficiently substantial to be

viewed as an integral part of the service itself."

In determining whether the special task exception is applicable, courts consider certain factors, including the nature of the task, errand, or service and the nature of the journey. 1 Larson, Workmen's Compensation, §§ 6.10–16.12.

 The nature of the errand or task is important. Was it really a special task or merely a normal incident of the job that the employee was hired to perform? In considering the nature of the journey the court will consider the regularity or usualness of the journey and the onerousness of the journey—the length traveled, the suddenness or urgency of the request, the inconvenience, and the hazards incident thereto. Did the trip involve a special or extraordinary trip not normally incident to the employment?

Upon review this Court will examine the record in order to determine if the decision was against the clear weight of the evidence or contrary to law. *See, ITT Continental Baking Co., v. Ware*, 620 P.2d 1308 (Okl.1981).

It was a question of fact for the trial judge whether decedent's activities were sufficient to bring him within the special task exception to the going and coming rule. We conclude that the decision of the trial judge is not against the clear weight of the evidence herein presented.

ORDER SUSTAINED.

BOX, P. J., and WILSON, J., concur.