PEPCO, INC. and Mid-Continent
Casualty Co., Petitioners,

v.

In The Matter of The Death of M.S.
FERGUSON, Jr.; Judith C.
Ferguson, Respondent.

No. 65327.

Court of Appeals of Oklahoma,
Division No. 3.

March 10, 1987.

Rose Sloan, Oklahoma City, for petitioners.

Patrick M. Ryan, Ryan, Holloman, Corbyn & Geister, Oklahoma City, for respondent.

BAILEY, Judge:

This case comes on review of the Workers' Compensation Court's award of death benefits to decedent employee's spouse and children. At trial, it was shown that decedent was an employee, officer and director of Pepco, Inc. in Norman, Oklahoma, and lived in Edmond, Oklahoma with his wife and three children. Pepco, Inc. is in the business of real estate management and investment, and has established a policy of community service and projects an image as supportive of community activities. The nature of Pepco, Inc.'s business required that decedent travel rather extensively in and out of the state of Oklahoma in furtherance of Pepco's business.

On April 18, 1984, decedent left his office in Norman shortly before 5:00 p.m. With him, decedent took several business files and documents which were required for completion of a real estate transaction in Oklahoma City and Tulsa, scheduled to begin at 10:00 a.m. the next morning, April 19, and which meeting, decedent was required to attend for his employer. Decedent often took work home with him in the evenings, and maintained at home office equipment and a home computer that was used to communicate with the employer's computers in Norman. Evidence showed that decedent intended to attend a youth baseball game and pick up his wife for dinner that evening, and attend the business meeting the next morning. However, at 5:05 on April 18, decedent was involved in an automobile collision in south Oklahoma City on Interstate Highway 35, resulting in his death. Another Pepco employee was required to complete decedent's mission of the next morning at a later date due to decedent's demise.

Testimony by decedent's employer, Pat Powers, and Pepco's inhouse counsel confirmed that decedent was required to attend the April 19 meetings in Oklahoma City and Tulsa for the employer. This testimony also showed that decedent did work often at home on company business, and that decedent's performance of the business of the employer at home provided benefits to the employer's business. There was also testimony that decedent's participation in youth baseball was encouraged by and provided a benefit to the company, by enhancing the company's image and reinforcing the company's committment to community service. Based on all the evidence, the Trial Court ruled that decedent's death arose out of and in the course of the employment, and awarded death benefits to decedent's dependents. This appeal ensued.

Initially, the laws of the State of Oklahoma indulge a presumption that, in the absence of substantial evidence to the contrary, a claim for injury or death of an employee comes within the provisions of the Workers' Compensation Act. 85 O.S. 1981 § 27; *Matter of Death of May*, 586 P.2d 738 (Okl.1978). Any reasonable doubt is to be resolved in favor of the claimant. *Matter of May, supra*, 586 P.2d 738, 740.

 On the other hand, it is clear that injuries sustained by an employee while going to and from the employer's place of business or premises do not arise out of and in the course of the employment.

*Fluor Engineers & Contractors, Inc. v. Kessler*, 561 P.2d 72 (Okl.1977); *Schell v. Blue Bell, Inc.*, 637 P.2d 914 (Okl.App. 1981). Likewise, injuries sustained by an employee while engaged in social and/or recreational activities do not arise out of and in the course of the employment. *Oklahoma Natural Gas Co. v. Williams*, 639 P.2d 1222 (Okl.1981). The "going and coming" rule is subject to exceptions, however, as where the employment creates the necessity of travel or where the employer provides transportation, or where the employee is charged with a special task outside his regular duties, or is engaged in a dual purpose mission. *Schell, supra*, 637 P.2d 914, 916. Similarly, the social/recreational exclusion is subject to exceptions as where the recreation occurs on the employer's premises as a regular incident of the employment, where the employer expressly or impliedly induces or requires participation in such activities, or where the employer derives a benefit from the employee's recreational and/or social activities beyond the "intangible value" of the employee's health. *Oklahoma Natural Gas Co., supra*, 639 P.2d 1222, 1224.

Previous holdings of our Supreme Court have recognized the "dual purpose" exception. *See, Qualls Transfer & Storage v. Cummings*, 505 P.2d 183 (Okl.1972); *Cochran v. Maassen Tool & Supply Co.*, 204 Okl. 60, 226 P.2d 953 (1951). In those cases, the Oklahoma Supreme Court adopted the test from the New York courts for liability arising from injuries sustained by an employee while engaged in mixed purpose missions:

> "In the matter of *Marks Dependents v. Gray*, 251 N.Y. 90, 167 N.E. 181, 182, 183, the New York Court, speaking through Mr. Justice Cardozo, says: We do not say that service to the employer must be the SOLE CAUSE of the journey, BUT AT LEAST MUST BE A CONCURRENT CAUSE. To establish liability, the inference must be permissible that the trip would have been made though the private errand was cancelled. * * * The test in brief is this: If the

work of the employee created the necessity for travel, he is in the course of his employment, though he is serving at the same time some purpose of his own. * * If, however, the work has no part in creating the necessity for travel, if the journey would have gone forward though the business errand had been dropped, and would have been cancelled upon failure of the private purpose, though the business errand remained undone, the travel is then personal, and personal the risk." *Cochran v. Maassen Tool & Supply Co., supra*, 226 P.2d 953, 956. (Emphasis added.)

In *Marks v. Gray*, Justice Cardozo stressed the importance of concurrent causation. As Professor Larson notes:

> "[Justice Cardozo] said it was sufficient if the business motive was a concurrent cause of the trip. He then defined 'concurrent cause' by saying that it meant a cause which would have occasioned the making of the trip even if the private mission had been cancelled. One detail must be stressed to make this rule complete: it is not necessary, under this formula, that, on failure of the personal motive, the business trip would have been taken BY THIS PARTICULAR EMPLOYEE AT THIS PARTICULAR TIME. It is enough that someone sometime would have had to take the trip to carry out the business mission. Perhaps another employee would have done it; perhaps another time would have been chosen; but if a special trip would have had to be made for this purpose, and if the employer got this necessary item of travel accomplished by combining it with his employee's personal trip, rather than an incidental appendage or afterthought." 1 Larson, *The Law of Workmens' Compensation*, § 18.13, pp. 4–267–268. (Emphasis original.)

Under this rationale, there is competent evidence in the record to indicate that decedent's last drive to Oklahoma City was such a dual purpose mission as to qualify for coverage under Workers' Compensation

law of our state. It is evident that decedent's employment required him to travel from his employer's place of business to other business clients' offices as a regular part of decedent's duties. The trip to Oklahoma City would have been made even if decedent had not wanted to go home or to meet his wife. Indeed, another employee was forced to conclude decedent's business mission on another occasion, due to decedent's demise. As we believe that the decedent's trip was caused in part by the necessities of decedent's employment, we hold that the business mission was a concurrent cause of decedent's last trip to Oklahoma City, and thus his death came within the coverage of our Workers' Compensation statutes. *Larson, supra; Qualls, supra; Cochran, supra.*

■ Further, there is competent evidence in the record to support an award of death benefits under the "benefit to employer" and "compulsion of attendance" tests of *Oklahoma Natural Gas Co. v. Williams, supra.* Under that double facetted examination, an injury sustained while an employee is engaged in social/recreational activities arises out of and in the course of the employment if there is evidence from which the court might INFER some IMPLIED compulsion to attend, and from which the court can determine that the employer did, in fact, derive some benefit from the employee's attendance or participation beyond the incidental benefits of the employee's health and well being. *Oklahoma Natural Gas Co. v. Williams, supra,* 639 P.2d 1222, 1224; *City of Oklahoma City v. Alvarado,* 507 P.2d 535, 537 (Okl.1973). The evidence adduced at trial showed that although participation in community activities, such as youth baseball, was not "required" of decedent, such participation was nevertheless "consistent" with employer's policy supporting community service and interest in community activities; at any rate:

"Compulsory attendance to be implied from managerial behavior patterns presents, of course, a fact question. Its

resolution rests here on competent evidence and is hence impervious to appellate change. Factual determinations are binding on review if supported by any competent evidence." *Oklahoma Natural Gas v. Williams, supra,* 639 P.2d 1222, 1224–1225.

Under this standard and statement of Oklahoma law, we view the determination of "benefit to the employer" as similarly a fact determination for the trier of fact. It is evident from the Trial Court's ruling that the court was convinced by Respondent's evidence of "benefit" and "implied" or "inferred" requirements of participation in extra-employment community activities by the employer. We hold that there is competent evidence from the employer's testimony that decedent's participation in youth baseball was consistent with company policy (inferring compulsory participation), and that decedent's participation therein provided a benefit to the company within the meaning of the enumerated requisites. Thus, decedent's death does arise out of and in the course of his employment, and comes within the protections afforded by our Workers' Compensation statutes; competent evidence before the Trial Court supported the award, which we will not disturb. *Oklahoma Natural Gas Co., supra.*

Ultimately, where differing conclusions or inferences may be drawn from undisputed facts, the question of arising out of and in the course of the employment is one of fact for the trier of fact, and the determination thereof by the Trial Court is binding on this court on review:

"Whether an injury does arise out of and in the course of a claimant's employment presents an issue of fact. On nonjurisdictional issues this Court must accept as binding the trial tribunal's findings of fact which are supported by competent evidence. WHENEVER CONFLICTING OR INCONSISTENT INFERENCES MAY BE DRAWN FROM UNDISPUTED FACTS, THE ISSUE IS NOT ONE OF LAW BUT ONE OF FACT." *Thomas v. Keith Hensel Optical Labs,* 653

P.2d 201, 203 (Okl.1982); *accord, Ogg v. Bill White Chevrolet Co.,* 720 P.2d 324 (Okl.1986). (Emphasis original.)

In the case before us, the facts are basically uncontroverted. Petitioner infers from the facts that decedent's trip to Oklahoma City was motivated by purely personal reasons, unrelated to decedent's employ, and therefore, the trip being personal, the death is not compensable. Respondent, on the other hand, adduced evidence and inferred therefrom, that decedent's trip was caused in part by the business necessities of decedent's employ, and decedent's activities provided at least some benefit to the employer, and that therefore, his death comes within the protection of our Workers' Compensation statutes. The Trial Court was obviously persuaded by the evidence and inferences raised by Respondent in favor of compensability, and we hold his factual determination that decedent's death arose out of and in the course of decedent's employment binding on this Court on review. *Thomas v. Keith Hensel Optical Labs, supra; Ogg v. Bill White Chevrolet Co., supra.*

The order of the Trial Court is therefore SUSTAINED.

HANSEN, P.J., and HUNTER, J., concur.