Margaret E. WRIGHT, Petitioner,

v.

GENERAL MOTORS CORPORATION, Own Risk, and the Workers' Compensation Court, Respondents.

No. 80069.

Court of Appeals of Oklahoma, Division No. 4.

Jan. 19, 1993.

Gloria E. Trout, Charles L. Cashion, Oklahoma City, for petitioner.

Vicki Robertson, Elizabeth J. Dunning, Holloway, Dobson, Hudson & Bachman, Oklahoma City, for respondent.

BOUDREAU, Presiding Judge.

Claimant, Margaret Wright, appeals from an order of the workers' compensation trial court which denied her claim for compensation. The issue on appeal is whether the trial court erred in finding that Claimant did not sustain an accidental personal injury arising out of and in the course of her employment. Having reviewed the record and applicable law, we affirm.

The American Red Cross held a blood drive in the cafeteria of Employer, General Motors Corporation. Employer had posted notice of the blood drive and its supervisors asked the employees if they wanted to donate blood. However, no supervisor insisted that Claimant was to give blood. Employees were allowed to give blood during regular work hours and Employer paid their wages during the time it took to donate blood.

Claimant's friend, who was also employed by Respondent and was not in a supervisory capacity, convinced Claimant to donate blood after Claimant said that she would rather not. Claimant gave blood during her shift and, as she was leaving work that evening, fainted and allegedly suffered injury.

Claimant brought this action to recover workers' compensation benefits. The workers' compensation court denied the benefits and Claimant appeals.

The Oklahoma appellate courts have not addressed the precise issue of an employer's liability for workers' compensation for injury occurring in civic activities. However, they have addressed analogous situations in the context of recreational or social activities. In *Oklahoma Natural Gas Co. v. Williams*, 639 P.2d 1222, 1223 (Okla.1981), the Oklahoma Supreme Court addressed the issue of "whether Claimant's injury in an automobile accident—while he was en route home from an annual Christmas party sponsored by his employer—occurred 'in the course of his employment.'" The court stated the general rule as follows:

> Recreational and social activities are within the course of one's employment: (1) when they occur on the premises during a lunch or recreation period as a regular incident to the employment; or (2) when the employer *expressly or impliedly* induces participation, or makes the activity come within the orbit of employment duties; or (3) when the employer derives from the activity substantial direct benefit that extends beyond the intangible value of employees' health or moral improvement which is common to every kind of recreational social event.

*Id.* at 1224 (emphasis original).

An application of the *Williams* factors to the case at bar demonstrates that Claimant has failed to show that the activity of giving blood is within the course of her employment. With respect to factor one, it is clear that the alleged injury occurred on the premises during a "civic" period carved out by the Employer. However, the record fails to establish that this activity (blood drive) occurred as a regular incident of employment. There is no testimony that establishes a causal connection between the act of giving blood and the requirements of employment at General Motors. It was not shown that this particular civic activity was accepted and regularly engaged in by Employer in a way that made it a regular incident and condition of the employment. *See City of Oklahoma*

*City v. Alvarado,* 507 P.2d 535, 538 (Okla.1973).

■ The second factor in the *Williams* analysis deals with "compulsory attendance." One who is expressly required to participate is clearly furthering the master's business. *Williams,* 639 P.2d at 1224. Employer made no direct order to Claimant to give blood. Moreover, Claimant failed to prove any managerial behavior pattern from which to imply compulsory participation. Employer's supervisors posted notices of the blood drive, asked the Claimant if she wanted to give blood, and made it possible for her to do so without having to take off work. However, Claimant testified that none of her supervisors insisted that she give blood and Claimant acknowledged that she participated in the blood drive at the behest of a friend. The second factor is lacking.

■ Finally, Claimant failed to show that Employer derived a substantial direct benefit from the blood drive. Claimant argues that Employer derived the benefit of promoting the goodwill of both the company and its employees by donating blood. However, we feel that this is not sufficient. There must be a substantial direct benefit that extends beyond the intangible and speculative value of enhancing company goodwill. There is no showing here, as in *Williams,* that the blood drive afforded the company substantial potential for use in personnel evaluations.

Employer relies on the case of *Mauser v. Douglas & Lomason Co.,* 192 Neb. 421, 222 N.W.2d 119 (1974). In *Mauser* the employer posted a notice at its plant stating that employees wishing to donate blood to the Red Cross would be excused on a specific day for one hour with pay. The employer also offered to furnish transportation for any employee who needed it. The claimant suffered complications after he donated blood and sought to recover workers' compensation benefits. The Nebraska Supreme Court found that the claimant's injuries did not arise out of and in the course of his employment. It found that the employer "received no benefit from the plaintiff's participation in the pro-gram except that which might flow from its willingness to cooperate with the program by offering employees time off with no loss of pay." *Id.* 222 N.W.2d at 121. The court further characterized the claimant's participation in the Red Cross program as "in the nature of a civic or patriotic duty and not reasonably necessary nor incident to her work as a punch press operator." *Id.* Considering the legal and factual similarities of *Mauser* to the case at bar, we are persuaded by its reasoning and conclusion.

The question of whether an injury arises out of and in the course of employment is a question of fact for the workers' compensation court and that court's decision will not be reversed on appeal if it is supported by competent evidence. *Pearl v. Assoc. Milk Producers, Inc.,* 581 P.2d 894, 896 (Okla.1978). The critical findings which form the basis of this award rest on competent evidence. The decision of the trial court is affirmed.

STUBBLEFIELD, J., and REIF, V.C.J. (sitting by designation), concur.