**David G. POTTS, Petitioner,**

v.

**B & B TOOL, INC., State Insurance Fund, and Workers' Compensation Court, Respondents.**

**No. 86382.**

Court of Appeals of Oklahoma, Division 4.

June 18, 1996.

Albert M. Morrison, Oklahoma City, Joe Farnan, Purcell, for petitioner.

Deborah M. White, State Insurance Fund, Oklahoma City, for respondents.

REIF, Judge.

█ Claimant seeks review of the majority order by the three-judge panel that affirmed the trial court's determination that "claimant did not sustain an accidental personal injury arising out of and in the course of claimant's employment." For the reasons that follow, we agree with the conclusion of the dissenting judge on the three-judge panel that "the claimant was performing a job which benefited his employer [at the time of his injury] and the claim is compensable."

█ It is undisputed that claimant worked on a drilling rig and was injured while helping the employees of the well owner remove pumps from a nearby creek that had been the source of water used by the drilling rig. It is further undisputed that water was necessary for the operation of his employer's rig, but it was the responsibility of the well owner to supply the water. Claimant admitted that his supervisor did not tell him to help with the water pumps, and that helping with pumps was "not an everyday thing." He twice explained, however, that part of his duties working for employer always included doing "what a company man has asked us to do." When there is no conflict in the evidence, the question of whether an injury arises out of and in the course of employment is a question of law. *Liebmann Arctic Ice Co. v. Henderson*, 486 P.2d 739 (Okla.1971).

█ It has long been settled in Oklahoma that "[a]n employee does not cease to be in the course of his employment merely because he is not actually engaged in doing some specifically prescribed task if in the course of his employment he does some act which he deems necessary for the benefit or interest of his employer." *Associated Employers' Reciprocal v. State Industrial Commission*, 82 Okla. 229, 200 P. 174 (1921) (syllabus 2). *Associated Employers* affirmed an award of benefits to an oil field "roustabout" who was injured fighting a fire near his employer's well, despite the fact that his only specific job duties were "fixing the lines, pulling rods, [and] fixing and starting the engine [on the well]." *Id.*

The rule in *Associated Employers* was followed in *Bushing v. Iowa Ry. & Light Co.*, 208 Iowa 1010, 226 N.W. 719 (1929), which was cited approvingly by the Kansas Supreme Court in *Fairchild v. Prairie Oil & Gas Co.*, 138 Kan. 651, 27 P.2d 209 (1933). *Fairchild* upheld an award of workers' compensation benefits to an oil lease pumper/caretaker who was killed while assisting two non-employees who had been given permission to cut down a tree on the lease. In making the award, the trial court stated that "the deceased in the exercise of his best judgment, felt he was acting for the best interest of his company." *Id.* at 210. The Kansas Supreme Court adopted the holding in *Bushing*: "While perhaps [the deceased] was over-cautious in assisting ... in felling the tree so that it would not damage his employer's property, it cannot be said there

was no causal connection between his employment and his injury, and neither can it be said that in assisting them, he went entirely outside of his employment." *Id.* at 211.

*Fairchild* is cited as the basis for the general rule in 99 C.J.S. *Workers' Compensation* § 224 (1958) that "[a]n injury sustained by an employee may be compensable where it is suffered while performing an act for the benefit of a third person, where such act is in the interest of the employer and is reasonably contemplated by the employment." The general rule in section 224 further states: "If the *ultimate effect* of the employee's act in helping another is to advance his employer's work, it is immaterial that the immediate beneficiary of the helpful activity is a third person." (Emphasis added.) This rule reflects Oklahoma law found in *Okla. Ry. Co. v. Cannon,* 198 Okla. 65, 176 P.2d 482 (1946), where the supreme court upheld an award of benefits to a bus driver who was injured helping a third party move his car that was blocking the bus route and loading zone. The court noted that the bus driver "thought he was performing an act which would benefit his employer [and] the act was incidental to the performance of his duties as a bus driver." *Id.* at 484.

In the instant case, the "ultimate effect" of claimant's assistance to the well owner's employees in providing water that was needed for the drilling operation was "to advance his employer's work," and was done in conjunction with his specific employment duties so as to be reasonably contemplated, incidental, and not outside of his employment.

Accordingly, the trial court's determination that claimant's injury did not arise out of and in the course of his employment, as affirmed by the majority of the three-judge panel, is erroneous as a matter of law. The orders are reversed, and this matter is remanded for further proceedings.

REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.

TAYLOR, P.J., and RAPP, C.J., concur.