1998 OK CIV APP 108

**Darrell Wayne DOZIER, Petitioner,**

v.

**MID–DEL SCHOOL SYSTEM and the Workers' Compensation Court, Respondents**

**No. 90143.**

Court of Civil Appeals of Oklahoma, Division No. 3.

May 5, 1998.

Certiorari Denied July 8, 1998.

any question regarding the difference in language is not at issue here.

William Shdeed, Oklahoma City, for Petitioner.

Jeff Dasovich, Oklahoma City, for Respondents.

## MEMORANDUM OPINION

ADAMS, Judge.

¶ 1 Claimant Darrell Wayne Dozier seeks review of an order of the Workers' Compensation Court which denied him benefits after finding that Claimant's injury—sustained while playing basketball at an evening fund-raising game for the Carl Albert basketball program—did not arise out of and in the course of his employment with Employer Mid–Del School System. Because we agree with Claimant that the undisputed evidence established that Employer derived substantial direct benefit from Claimant's participation in the fund-raising activities, we vacate the order.

¶ 2 The facts in this case are undisputed. At the time of trial, Claimant was beginning his seventh year with Employer as a teacher, baseball coach and assistant football coach. He was asked by the Carl Albert basketball coach to play in a basketball game to raise funds for the Carl Albert basketball program, as he had done on two previous occasions. After agreeing on cross-examination that he was not required or directed to play, Claimant testified that:

> Well, at meetings we have always been encouraged to fund raise and participate in fund-raisers, *because they told us our athletic programs are under funded and the only way that we're going to survive is to have fund-raisers.* And they've encouraged us, the athletic director and school administration, encouraged us to have fund-raisers and to help the other pro-

grams when they do have their fund-raisers to help support." (Emphasis added).

¶ 3 The fund-raising event included a pre-game chili supper held in the school cafeteria and a basketball game pitting teachers, coaches and former Carl Albert athletes against a team made up of employees of a radio station. The basketball team booster club organized and officially sponsored the game. Both events were promoted within the school by announcements over the intercom, flyers distributed at school, and posters hung throughout the school, and the radio station promoted the events to the general public. Employer provided the gym, the basketball equipment, uniforms and lights. The principal supervised the activities, and two school employees kept score and announced the game. According to Claimant, he tore his Achilles tendon shortly after he began to play in the game.

▬ ¶ 4 Employer contended that Claimant was not injured in the course of employment because he was participating in a voluntary recreational, charitable activity. Recreational and social activities are within the course of one's employment: (1) when they occur on the premises during a lunch or recreation period as a regular incident of the employment; *or,* (2) when the employer, by expressly or impliedly requiring participation, or by making the activity part of the services of an employee, brings the activity within the orbit of the employment; *or* (3) when the employer derives substantial direct benefit from the activity beyond the intangible value of improvement in employee health and morale that is common to all kinds of recreation and social life. See *Oklahoma Natural Gas Co. v. Williams,* 1981 OK 147, 639 P.2d 1222; *City of Oklahoma City v. Alvarado,* 1973 OK 21, 507 P.2d 535; *Warthen v. Southeast Oklahoma State University,* 1981 OK CIV APP 76, 641 P.2d 1125.

¶ 5 The three factors are formulated in the disjunctive and are generally independent alternatives. See *Oklahoma Natural Gas Co.,* 1981 OK 147, ¶ 16, 639 P.2d at 1225. By adding financial resources to support an under funded athletic department, Claimant argues that Employer received enormous benefits from the basketball game and his participation therein, both of which Employer encouraged.

▬ ¶ 6 Employer argues that Claimant volunteered to play in the "charity" game, without pressure from the school administration, without extra compensation, without any indication that his performance might result in a promotion or any other job advantage, and that he agreed to do so on behalf of the booster club. Employer further argues that it received no direct benefit from the game, and while undoubtedly the Carl Albert basketball program would indirectly benefit from any extra money raised, there is no testimony in the record that the money was in fact critical to maintaining this particular program.

¶ 7 Employer's argument must fail for several reasons. First, it fails to consider Claimant's uncontroverted testimony that the coaching staff was told that "[t]he athletic programs were under funded and that the only way we're going to *survive* is to have fundraisers" and that he testified that he was asked to play by the basketball coach, without any indication that he did so on behalf of the booster club. (Emphasis added). Second, the record contains no evidence that the booster club received any benefit from the fund-raiser and in fact indicates they sponsored the game to raise money for Employer's *own* under funded basketball program. The only reasonable inference therefrom is that Employer received a direct benefit, not an indirect benefit. Third, it fails to consider that under the "employer-benefit" test, recreational and social activities are within the course of one's employment *when* the employer derives from the activity substantial direct benefit *that extends beyond the intangible value of employees' health or moral improvement which is common to every kind of recreational and social event.* The undisputed facts of this case clearly pass that test.

▬ ¶ 8 We may set aside a decision of the Workers' Compensation Court only where the decision of the court is not supported by any competent evidence or is contrary to law. *Parks v. Norman Municipal Hospital,* 1984 OK 53, 684 P.2d 548. Applying the correct legal test to the undisputed

evidence in this record, we must conclude that the trial court's decision is not supported by any competent evidence. The order is vacated, and the case is remanded for further proceedings consistent with this opinion.

VACATED AND REMANDED

BUETTNER, P.J., and HANSEN, J., concur.