2006 OK CIV APP 116

**Joseph BYRD, Petitioner,**

v.

**VOLUNTEERS OF AMERICA, Wausau Insurance Company, and the Workers' Compensation Court, Respondents.**

No. 102,227.

Court of Civil Appeals of Oklahoma, Division No. 1.

June 8, 2006.

Certiorari Denied Sept. 18, 2006.

William J. Anton, Tulsa, OK, for Petitioner.

Catherine C. Taylor, Kelly M. Greenough, Tulsa, OK, for Respondents.

Opinion by LARRY JOPLIN, Judge.

¶1 Petitioner Joseph Byrd (Claimant) seeks review of an order of a three-judge panel of the Workers' Compensation Court vacating the trial court's award of benefits. In this proceeding, Claimant asserts the evidence uncontrovertedly demonstrated occurrence of a compensable injury during his performance of job-related duties providing a benefit to his employer, Respondent Volunteers of America (collectively, with its workers' compensation insurer, Employers Insurance Company of Wausau, Employer), and consequent error of the three-judge panel in vacating the trial court's award.

¶2 Claimant worked for Employer as a program coordinator, charged with the duties of assisting twelve of Employer's developmentally disabled clients, some living in group homes and some living alone, with their daily needs, and supervising other hourly employees assigned to assist specific clients. For his services, Claimant received a salary, with set work hours from 8:00 a.m. to 5:00 p.m., although he was on-call twenty-four hours a day in case of an emergency, or if needed to fill in for absent staff members he supervised.

¶3 Prior to his employment with Employer, Claimant and others formed a multi-agency softball league for the developmentally disabled. After he went to work for Employ-

er, Claimant continued to participate in the softball league, in which he involved Employer's clients. Employer did not require Claimant's participation in the softball league, and his involvement was entirely voluntary. Indeed, Claimant testified that he received no compensation for his participation in the softball activity, and that if he received a job-related call during softball, he would have been required to leave the softball activity and attend to the job-related summons.

¶4 During one such softball game, Claimant suffered an injury to his right ankle, Achilles tendon. Claimant underwent surgical repair, in large part, paid for by his group health insurance.

¶5 Claimant commenced the instant action to recover workers' compensation benefits. On consideration of the evidence, the trial court held Claimant had sustained a compensable injury arising out of and in the course of his employment, and awarded benefits for permanent partial disability, as well as necessary medical treatment.

¶6 Employer appealed. On consideration of the argument and record, a three-judge panel—by a 2–1 vote—vacated the trial court's order as contrary to law and the clear weight of the evidence, holding:

THAT claimant did not sustain an accidental personal injury arising out of and in the course of [his] employment with [Employer] as alleged....

THAT claimant's activities at the time of his injury were completely voluntary; he was not compensated, he could leave at any time and was subject to call by his employer at any time. The fact that the softball activity was beneficial to the clients of claimant's employer is irrelevant in this factual context:

■ ¶7 Claimant now appeals, arguing the evidence uncontrovertedly demonstrated that he "was engaging in [an] activity advancing the interests of Respondent [E]mployer when he was injured," and for that reason, the three-judge panel erred in vacating the trial court's award. *See, Oklahoma Natural Gas Co. v. Williams,* 1981 OK 147, 639 P.2d 1222. In this respect, however:

... Recreational and social activities [fall] within the course of one's employment [only]: (1) when they occur on the premises during a lunch or recreation period as a regular incident to the employment; or (2) when the employer expressly or impliedly induces participation, or makes the activity come within the orbit of employment duties; or (3) when the employer derives from the activity substantial direct benefit that extends beyond the intangible value of employees' health or moral improvement which is common to every kind of recreational and social event.

*Williams,* 1981 OK 147, ¶11, 639 P.2d at 1224. Whether a claimant has sustained an injury under any of the *Williams* factors constitutes a question of fact, and if we find competent evidence to support the lower court's determination, the order of the Workers' Compensation Court must be sustained. *Williams,* 1981 OK 147, ¶¶12, 14, 639 P.2d at 1224, 1225.[1] *Accord, Wright v. General Motors Corp.,* 1993 OK CIV APP 9, ¶6, 848 P.2d 61, 62[2]; *Pepco, Inc. v. Ferguson,* 1987 OK CIV APP 15, ¶¶8–9, 734 P.2d 1321, 1324.[3]

■ ¶8 Claimant did not sustain his injury on the employment premises. Employer did not require Claimant's participation in the softball activities. On the "substantial benefit to the employer" factor, the evidence arguably shows that Employer did not derive

1. "Compulsory attendance to be implied from managerial behavior patterns presents, of course, a fact question. Its resolution rests here on competent evidence and is hence impervious to appellate change. Factual determinations are binding on review if supported by any competent evidence.... [Likewise,] [t]he panel's finding that [employer] received a benefit from the party rests here on competent evidence."

2. "There is no testimony that establishes a causal connection between the act of [attending the fund-raiser] and the requirements of [the] employment.... It was not shown that this particular civic activity was accepted and regularly engaged in by Employer in a way that made [donation to the United Way] a regular incident and condition of the employment."

3. "[T]he determination of 'benefit to the employer' [constitutes] a [question] for the trier of fact," and the lower court's judgment sustained if supported by competent evidence.

any "substantial direct benefit that extend[ed] beyond the intangible value of [its] employees' [or clients'] health or moral improvement which is common to every kind of recreational and social event." *Williams*, 1981 OK 147, ¶ 11, 639 P.2d at 1224.

¶ 9 In short, we find competent evidence to support the conclusion of the three-judge panel. The order of the Workers' Compensation Court is consequently SUSTAINED.

BELL, P.J., concurs, and HANSEN, J., dissents with opinion.

CAROL M. HANSEN, Judge, dissenting.

¶ 1 I must respectfully dissent. I would hold that the majority of the three-judge panel in the Workers' Compensation Court erred as a matter of law in finding "[t]he fact that the softball activity was beneficial to the clients of claimant's employer is irrelevant" in the factual context presented by Claimant, who was the only witness who testified at trial. The facts are not in dispute. While the question whether Claimant's injury arose out of and in the course of his employment is generally a question of fact for the Workers' Compensation Court, where, as here, there are no disputed facts, the question if one of law. *Flanner v. Tulsa Public Schools*, 2002 OK 8, 41 P.3d 972.

¶ 2 Benefit to Employer from Claimant's injury related activities was not only relevant to the Workers' Compensation Court's consideration, but should have been determinative of its conclusion on the question of Employer's liability. The majority here acknowledges the relevance of the benefit to Employer in its evaluation of the *Williams* criteria, which concern injuries incurred during recreational and social activities outside normal work parameters. The third *Williams* criterion queries whether Employer has derived "substantial direct benefits." The majority holds "the evidence arguably show that Employer did not derive" such benefits. The majority, however, makes no specific reference to any evidence supporting that conclusion and I find none. To the contrary, I believe the evidence shows the opposite.

¶ 3 Claimant testified his employment was as a program coordinator for twelve developmentally disabled adults. His duties were to see that those under his charge "had all the proper necessary things they need to function every day." Claimant and his clients were involved in sports and other activities, like movies, year around to get them "to live in the community and function in the community the way everyone else did." The softball game in which Claimant was injured was one of those activities directly contributing to the achievement of Employer's mission to integrate its clients into the mainstream community.

¶ 4 The team which Claimant was assisting was "presented" by Employer and consisted of its clients. The games were held in the evening because some of his clients worked and they wanted all involved. Most clients required some assistance to play, which was provided by a "shadow" staff member. Most were also at risk of injury without assistance. Claimant was coordinating the game and pitching when he was injured. Some of the staff members were being paid to assist and some, including Claimant, were not. Claimant was a salaried employee. He ordinarily worked from 8:00 a.m. to 5:00 p.m., but was on call if needed at other times. If he was called at times other than ordinary working hours, he was usually compensated on an hourly basis. Claimant had helped organize the league before going to work for Employer and continued his involvement after employment.

¶ 5 The fact that Claimant was not specifically compensated by Employer for his time spent assisting the softball team was mentioned by both the Workers' Compensation Court and the majority here. That may be a factor to consider, but certainly does not preclude award of benefits. In *Williams*, 639 P.2d at 1223, cited by the majority, the claimant was injured in an automobile accident while returning from a office party. No compensation was provided for attending the party, but the Supreme Court found the injury was nonetheless compensable. *See also, Dozier v. Mid–Del School System*, 1998 OK CIV APP 108, 959 P.2d 604 (Teacher/coach entitled to benefits for injuries received in

after school, uncompensated fund raising game.)

¶ 6 The more important question is whether, under the third criterion of the *Williams* test, Employer enjoyed a "substantial direct benefit that extend[ed] beyond the intangible value of [Claimant's] health or morale improvement which is common to every kind of recreational and social event." As noted above, I find no evidence in the record to the contrary and would find Claimant's injury compensable under *Williams*.

¶ 7 Additionally, however, it is my view the Workers' Compensation Court and the majority tested Claimant's activities against the wrong standard. Certainly, the record does not support a conclusion that Claimant was involved in the league for *his* own recreation. The league was formed as one of a number of devices to assist the developmentally disabled with functioning in the community. That is one of the purposes for Employer's developmentally disabled program. The inquiry should more appropriately be whether Claimant's activities furthered that purpose.

¶ 8 In *Potts v. B & B Tool, Inc.* 1996 OK CIV APP 77, 920 P.2d 1079, the Court of Civil Appeals quoted from and adopted the reasoning in 99 C.J.S. Workers' Compensation § 224:

An injury sustained by an employee may be compensable where it is suffered while performing an act for the benefit of a third person, where such act is in the interest of the employer and is reasonably contemplated by the employment.... If the ultimate effect of the employee's act in helping another is to advance his employer's work, it is immaterial that the immediate beneficiary of the helpful activity is a third person.

*Potts,* at 1080.

¶ 9 Employer was aware Claimant was involved in the softball league with a team composed of its clients. It is undisputed the purpose of having the team was consistent with Employer's goal of assisting its clients function in the community at large. While the immediate beneficiaries of Claimant's efforts were the clients, his activities with the softball team were in the interest of Employer and the "ultimate effect" was to advance Employer's work. The clients were, in fact, Employer's work. The benefits to Employer were substantial and direct. Claimant's activities were not only "reasonably contemplated by the employment", but were an integral part of that employment.

¶ 10 In the absence of competent evidence that Claimant's injury was *not* in the course of and arising out of his employment, I would hold that the Workers' Compensation Court erred, as a matter of law, in denying Claimant benefits and, more particularly, in finding that whether Claimant's activities were beneficial to Employer was irrelevant.